A08A2295. MOORE v. THE STATE.
(669 SE2d 498)

BLACKBURN, Presiding Judge.

More than three-and-one-half years after being arrested for molesting his stepdaughter, Willie Moore was indicted on charges of statutory rape,[1] aggravated child molestation,[2] and child molestation.[3] When Moore moved to dismiss the charges on the ground that

---

he had been denied his constitutional right to a speedy trial, the trial court denied the motion, finding that he had delayed and then withdrawn his demand for a speedy trial, and that he had not shown specific evidence that the delay had actually prejudiced his defense. Moore directly appeals this ruling,[4] claiming that the State's loss of key medical and investigatory files required a finding of prejudice resulting from the delay. We affirm on the grounds that some evidence supported the trial court's finding of no prejudice and that therefore the court did not abuse its discretion in denying the motion.

The key facts are stipulated. On April 19, 2004, Moore was arrested on the charge that he had molested his stepdaughter; within ten days, he was appointed counsel. He was able to post bond within a month of the arrest. From thence until October 2007, the matter lingered with the police and the district attorney's offices; no indictment was obtained until November 29, 2007 (more than 43 months after the arrest), which included charges of statutory rape, aggravated child molestation, and child molestation. During the forty-three-month delay, the State lost two key files: the CID file containing the medical examinations and medical reports concerning the child victim, which included the results of the examination of the child's vaginal area and hymen; and the main investigative report (and all case notes) created by the law enforcement agency investigating the case. No one could identify the physician who performed the medical examination nor the facility at which the examination took place.

On January 7, 2008, Moore was arraigned and pled not guilty. On January 15, Moore filed a plea in bar, moving to dismiss the case on the ground that his constitutional right to a speedy trial had been violated. Simultaneously, he filed a special demurrer (arguing that the indictment was defective in that it alleged only a range of dates for the criminal acts) and a demand for a speedy trial; however, he withdrew the speedy trial demand less than a month later on February 12. In April 2008, the court conducted an evidentiary hearing on the plea in bar, at which Moore's wife testified and at which the parties stipulated to the key facts. In June 2008, the court entered an order making relevant findings of fact and denying the plea in bar; in that same order, the court also denied the special demurrer on the ground that it was untimely (having been filed after arraignment). Moore appeals.

1. Moore first challenges the trial court's ruling denying his plea in bar that asserted a violation of his right to a speedy trial. He

---

[4] See generally *Mayfield v. State*, 264 Ga. App. 551, 552-555 (593 SE2d 851) (2003).

argues that the four factors set forth by the United States Supreme Court in *Barker v. Wingo*[5] for determining such violations weighed heavily in his favor and therefore mandated the dismissal of the charges against him.

Summarizing *Barker*, *Boseman v. State*[6] outlined the relevant criteria for determining a motion to dismiss on constitutional speedy trial grounds:

> (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The [United States] Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant. As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

(Citations and punctuation omitted.) We discuss these factors seriatim, ever mindful of our overarching duty to affirm the trial court's findings and decision unless the trial court abused its discretion. See *Mayfield*, supra, 264 Ga. App. at 555 (1).

(a) *The length of the delay*. An accused's right to a speedy trial attaches at the time of arrest or when formal charges are brought, whichever is earlier. *Haisman v. State*.[7] In this case, Moore's right to a speedy trial attached on the date of his arrest (April 19, 2004). He contends that the State's failure to try him in the 45 months between his arrest and the date he filed his motion to dismiss met the threshold test of "presumptive prejudice." We agree; 45 months "unquestionably is a long period to delay the prosecution of a case and raises a threshold presumption of prejudice. See *Doggett*[ *v. United States*[8]] (as the delay approaches one year it generally is 'presumptively prejudicial')." *Boseman*, supra, 263 Ga. at 732 (1) (a). The trial court here correctly so found.

(b) *The reason for the delay*. The next question is whether the

---

[5] *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[6] *Boseman v. State*, 263 Ga. 730, 731-732 (1) (438 SE2d 626) (1994).

[7] *Haisman v. State*, 242 Ga. 896, 897 (2) (252 SE2d 397) (1979).

[8] *Doggett v. United States*, 505 U. S. 647, 652 (II), n. 1 (112 SC 2686, 120 LE2d 520) (1992).

State or Moore was more to blame for the delay. See *Ruffin v. State*.[9] Here, the State readily conceded below and on appeal that the fault was entirely its own. Because there was no evidence that this delay was malicious, but rather it appeared it was simply the neglect of government agents, the trial court correctly weighed this factor against the State (though less heavily than delay designed to sabotage the accused's case). Id. at 60 (2) (b) (ii). See *Hester v. State*[10] ("an unintentional delay is a relatively benign but definitely negative factor weighed against the State") (punctuation omitted). The trial court did not abuse its discretion in so weighing this factor here.

(c) *The defendant's assertion of his right to a speedy trial.* "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citation and punctuation omitted.) *Brannen v. State*.[11] Here, Moore did not raise his constitutional right to a speedy trial for the 45 months between his arrest and the filing of his motion to dismiss, in which he finally asserted the right. See *Haisman*, supra, 242 Ga. at 898 (2) (defendant "has a sixth amendment right to a speedy trial which attached at arrest and could have been asserted thereafter"). "This delay in asserting the right to a speedy trial must be weighted against the defendant." (Punctuation omitted.) *Brannen*, supra, 274 Ga. at 456. Cf. id. at 458 (delay is a common defense tactic in hopes that the prosecution's evidence will weaken over time). Because Moore was represented by counsel since soon after his arrest, this factor could be weighed heavily against him. Compare *Hester*, supra, 268 Ga. App. at 98-99 (3).

Significantly, on the same day that he filed his motion to dismiss, Moore also filed a demand for a speedy trial under the United States and Georgia constitutions. Yet less than a month later, he withdrew that demand, citing no reason for this sudden reversal of tactics. Nor was any reason advanced for this withdrawal at the hearing on his motion. The trial court weighed this factor heavily against Moore when it concluded: "Most importantly, Mr. Moore waited forty-five months to assert his right to a speedy trial and then promptly withdrew his demand for a speedy trial." See *Williams v. State*[12] (withdrawal of speedy trial demand weighs against defendant). We discern no abuse of discretion.

(d) *Prejudice to the defendant.* With regard to the prejudice component, the trial court found that based on the evidence pre-

---

[9] *Ruffin v. State*, 284 Ga. 52, 56 (2) (b) (663 SE2d 189) (2008).

[10] *Hester v. State*, 268 Ga. App. 94, 97 (2) (601 SE2d 456) (2004).

[11] *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001).

[12] *Williams v. State*, 279 Ga. 106, 109 (1) (c) (610 SE2d 32) (2005).

sented, there was no oppressive pre-trial detention of Moore nor did Moore experience any unusual anxiety or concern arising from the delay of the case. Moore does not contest these findings on appeal. Rather, he challenges the court's findings on the third prong of the prejudice component, namely that he did not persuade the court that the delay actually impaired his defense. Specifically, he focuses on the stipulated fact that the State lost its primary investigative file from police (which could have contained contradictory witness interviews and exculpatory evidence) and also lost the medical records reflecting the results of the physician's examination of the young child's vaginal area and hymen, which could be significant evidence in either substantiating or discounting the now-grown victim's testimony. We note at the outset our deep concern that the loss of these two important files would have the potential of significantly impairing Moore's defense, which form of prejudice is "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." (Punctuation omitted.) *Ruffin*, supra, 284 Ga. at 65 (2) (b) (iv).

In evaluating this type of prejudice, we observe first that the forty-five-month delay here does not fall in that category of cases that presumes actual prejudice, as this category generally includes only those cases where the delay is five years or longer. See *Herndon v. State*[13] and cases cited therein. See also *Hester*, supra, 268 Ga. App. at 99-100 (4). Thus, to prove that his defense was impaired by the delay, Moore bore the burden of showing by specific, particularized evidence how the delay actually prejudiced his ability to mount a defense. See *Ruffin*, supra, 284 Ga. at 65 (2) (b) (iv); *Williams*, supra, 279 Ga. at 110 (1) (d); *Smith v. State*.[14]

Moore proved that during the delay, the State lost two key files that may have contained exculpatory evidence. However, he did not show that either of these files in fact did contain such evidence. The trial court concluded that as it had no way of knowing whether that evidence was exculpatory, it was logical to believe that the absence of the evidence "hurts the party having the burden of proof and the defense will be allowed to show the jury that the State is unable to produce the evidence that has been lost." Although this Court may well have found otherwise, we are constrained to affirm the trial court's finding unless there was an abuse of discretion. See *Williams v. State*.[15] See generally *State v. Johnson*.[16]

---

[13] *Herndon v. State*, 277 Ga. App. 374, 379 (4) (c) (626 SE2d 579) (2006).

[14] *Smith v. State*, 275 Ga. 261, 263-264 (564 SE2d 441) (2002).

[15] *Williams v. State*, 277 Ga. 598, 601 (1) (e) (592 SE2d 848) (2004).

[16] *State v. Johnson*, 274 Ga. 511, 514-515 (4) (555 SE2d 710) (2001).

We discern no abuse of discretion here, as there is substantial precedent affirming a trial court's finding that the loss of key evidence did not necessarily impair an accused's defense under this factor. In *Haisman*, supra, the defendant showed that a 22-month delay caused the State to lose the hospital records of the victim the defendant was accused of poisoning by arsenic. 242 Ga. at 899 (2). Although these records may well have contained exculpatory information, *Haisman* concluded there was no prejudice under this speedy trial factor because "the defendant failed to act promptly to obtain the hospital records on her own behalf. Once arrested, appellant should have begun to prepare her defense, rather than waiting for indictment." Id. Similarly, following his arrest, Moore made no efforts to obtain for himself the medical examination records that the State later lost here.

*Allen v. State*[17] also affirmed a trial court's finding that the loss of key evidence did not impair the accused's defense. Charged with DUI (less safe)[18] and DUI per se (blood-alcohol level over 0.10),[19] defendant Allen moved for discharge and acquittal based on the State's three-year delay in trying him after his arrest, during which time the State lost Allen's blood sample showing his blood-alcohol level. Id. at 163 (4). The trial court denied the motion and we affirmed, reasoning that although the loss of the blood sample may have disadvantaged Allen, "the State may also be disadvantaged. No one knows whether the sample would have exonerated Allen or proved the case against him." Id. We weighed "the relative prejudice resulting from the missing evidence against Allen's decision not to demand a speedy trial, perhaps with the expectation that the State's case would weaken." Id. at 164 (4). Despite our reservations about the delay and loss, we concluded that in light of the State's decision to drop the per se count and pursue only the less safe count, the trial court did not abuse its discretion in denying the motion to discharge. Id.

Similarly, despite our reservations about the loss of the key files here, we are constrained to affirm the trial court's ruling, as there was no showing that the missing files indeed contained exculpatory evidence. In light of Moore's failure to seek the missing medical information himself and in light of his decision (with counsel) to delay and then to withdraw a speedy trial demand, we are compelled to conclude that the trial court did not abuse its discretion in finding Moore's defense was not necessarily impaired here and in weighing

---

[17] *Allen v. State*, 268 Ga. App. 161, 163-164 (4) (601 SE2d 485) (2004).
[18] OCGA § 40-6-391 (a) (1).
[19] Former OCGA § 40-6-391 (a) (5) (2000).

the factors so as to deny his plea in bar. See *Ruffin*, supra, 284 Ga. at 65-66 (3) ("[g]iven Ruffin's failure to present any persuasive evidence of prejudice . . . , we cannot say that the trial court abused its discretion in rejecting Ruffin's speedy trial claim and denying his motion to dismiss the indictment. Central to our decision to affirm the trial court's judgment is the fact that Ruffin asserted the speedy trial right relatively late in the process").

2. Moore contends that the trial court erred in denying his special demurrer as untimely, and further that the trial court should have dismissed the indictment in light of the State's failure to present evidence as to why it had alleged a range of dates over an eight-year period as opposed to a specific date. We agree that the court erred in denying the special demurrer as untimely; however, we only vacate the order and remand for a hearing, as the State was not afforded the opportunity to present evidence on this matter.

Under OCGA § 17-7-110, "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." Thus, as conceded by the State, Moore's special demurrer, which was filed eight days after arraignment, was timely. See *Palmer v. State*.[20] The trial court erred in denying the demurrer on this ground.

Nevertheless, we do not agree that the trial court was required to grant the special demurrer at this juncture. It is true that "an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer." *Blackmon v. State*.[21] It is also true that this rule is subject to an exception "where the evidence does not permit the [S]tate to identify a single date on which the offense occurred." Id. And it is further true that this exception does not apply if the State never presents evidence to the trial court showing that it cannot more specifically identify the dates of the offenses. Id. at 854-855.

Nevertheless, the State was never afforded the opportunity to present evidence on this issue, as the only hearing held by the trial court was on the plea in bar, not on the special demurrer. Although Moore's counsel referenced the special demurrer at the very conclusion of the speedy trial hearing, he readily conceded that "those range of dates are more important as they relate to my constitutional speedy trial argument." The trial court nevertheless took it upon itself to deny the special demurrer as untimely, apparently believing that such would moot the need for a hearing in which the State

---

[20] *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007).
[21] *Blackmon v. State*, 272 Ga. App. 854, 854 (614 SE2d 118) (2005).

would present evidence on the matter. Accordingly, we vacate the trial court's order on the special demurrer and remand the case with instruction to hold a hearing to allow the State to present evidence on the demurrer.

*Judgment affirmed in part and vacated in part, and case remanded with instruction. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 14, 2008.

*Jay M. Jackson*, for appellant.

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.