### A10A1979. THE STATE v. GODFREY.
(709 SE2d 572)

SMITH, Presiding Judge.

In the second appearance of this case before this court, the State appeals from the trial court's grant of Jamie Godfrey's motion to dismiss the indictment against him on the ground that his constitutional right to a speedy trial was violated. The State also appeals from the dismissal of several counts of the indictment. Because the trial court did not properly analyze the legal factors in determining that Godfrey was denied the right to a speedy trial, we vacate in part

---

[18] 281 Ga. 211 (636 SE2d 530) (2006).
[19] (Punctuation and footnote omitted.) Id. at 215.

and remand. We also remand for the videotape of the forensic interview of the victim to be made part of the record here on appeal. And we reverse in part the trial court's grant of Godfrey's plea in bar to dismiss certain counts of the indictment on statute of limitation grounds, but affirm the dismissal of two of those counts.

Godfrey was arrested on June 1, 2003, and charged with rape and aggravated child molestation against his girlfriend's daughter. He was subsequently indicted on April 4, 2006. At the start of his trial on March 19, 2008, Godfrey filed a motion to dismiss the indictment on the ground that his constitutional right to a speedy trial had been violated. The trial court denied the motion and Godfrey appealed to this court. In an unpublished opinion, we affirmed, holding that although the delay weighed against the State, Godfrey failed to timely assert his right to a speedy trial and failed to show that the delay impaired his defense. *Godfrey v. State*, 298 Ga. App. XXIV (2009) (unpublished opinion) (*"Godfrey I"*).

Following the remittitur to the trial court on July 9, 2009, Godfrey's case was called for plea and arraignment on October 8, 2009. Godfrey pled not guilty and requested a jury trial. The case was placed on the November 24, 2009 calendar, but it was not reached. On December 15, 2009, the State re-indicted Godfrey charging him with multiple counts of rape, child molestation, aggravated child molestation, and statutory rape. On January 7, 2010, Godfrey filed a motion to dismiss certain counts of the indictment by special demurrer. Godfrey's case was again set for trial on January 25, 2010, but once again the case was not reached. On January 29, 2010, Godfrey filed a motion to dismiss certain counts of the indictment on the ground that they were barred by the statute of limitation, and he also filed a motion to dismiss the indictment on the ground that his constitutional right to a speedy trial was violated. The State now appeals from the trial court's ruling in favor of Godfrey on all three motions.

1. The State first contends that the trial court erred in granting Godfrey's motion to dismiss the charges against him on the ground that he was denied the constitutional right to a speedy trial. On appeal, the trial court's ruling that a defendant's right to a speedy trial was violated will not be reversed unless an abuse of discretion is shown. *State v. Moore*, 289 Ga. App. 99, 100 (2) (656 SE2d 156) (2007). "However, where, as in this case, the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." (Citations and punctuation omitted.) *State v. Moses*, 301 Ga. App. 315, 316 (692 SE2d 1) (2009).

In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Citation and punctuation omitted.) *Marshall v. State*, 286 Ga. 446 (1) (689 SE2d 283) (2010).

This is the second appeal of this case on speedy trial grounds, as this court issued a judgment on the same issue in *Godfrey I*. As explained in *Brannen v. State*, 262 Ga. App. 719 (586 SE2d 383) (2003), "[i]t is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." (Citation, punctuation and footnote omitted.) Id. at 720. We are therefore without jurisdiction to review the same matter for a second time. Id.

We note, however, that a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.

(Citations and footnote omitted.) Id.

Here, the trial court entered the following findings:

1. **Length of delay**: The allegations were reported to law enforcement authorities on January 29, 2003[;] Mr. Godfrey was arrested on June 1, 2003. The length of the delay without trial is in excess of six years. This is a sufficient delay to create a presumption of prejudice and to trigger further analysis of the *Barker v. Wingo* factors.

2. **Reasons for delay**: Although Mr. Godfrey was arrested on June 1, 2003, the case was not indicted until April 4, 2006. Counsel for the State was unable to explain

the delay in indicting the case. Once the case was indicted, the State did not furnish the defense with crucial discovery until November 2007, more than four years after Mr. Godfrey's arrest. Those delays were solely attributable to the negligence of the State. The only delay that can be attributed to the defense is the delay occasioned by the appeal against the denial of the motion to dismiss. The present indictment was only filed on December 15, 2009, more than six years after his arrest.

3. **Assertion of the right**: Defendant did not file a speedy trial demand prior to the filing of the Motion to Dismiss. It is however undisputed that the State failed to produce [or] furnish the defense with crucial discovery until November 2007. Defendant cannot be faulted for demanding that the State comply with its discovery obligations before indicating his readiness to proceed to trial. *Hester v. State*, 268 Ga. App. 94 (601 SE2d 456) (2004).

4. **Prejudice to the defense**: The delay of more than six years in bringing Defendant to trial raises a presumption that the defense has been hindered. Defense counsel did not however only rely . . . on presumptive prejudice. Due to the delay in indicting this matter and bringing it to trial, DFACS and counseling records have been lost and/or destroyed, witnesses have disappeared, and memories have faded. It is apparent from the testimony of the alleged victim that she has no recollection of the events that occurred more than seven years ago.

Although the trial court made a reference to this court's prior ruling in *Godfrey I* in evaluating the reason for the delay, it analyzed each of the *Barker* factors as if it were Godfrey's first assertion of speedy trial grounds. It is apparent from the trial court's order that it did not consider that this court's former judgment was binding as to the facts in issue and events existing at the time of that judgment, and it made no determination as to whether in the interim following that judgment, material facts have changed or new events have occurred to alter the rights of the parties. We must therefore vacate this portion of the trial court's judgment and remand this case for the trial court to enter an order balancing the legal factors under the proper standard. See *State v. Pickett*, 288 Ga. 674 (706 SE2d 561) (2011) (remand necessary where trial court used wrong legal analysis); *State v. Porter*, 288 Ga. 524 (705 SE2d 636) (2011).

2. The State contends that the trial court erred in dismissing Counts 4-8 of the indictment as barred by the statute of limitation. The trial court ruled that those counts alleged offenses committed

more than seven years prior to the indictment, and that "[w]here an exception is relied upon to prevent the bar of the statute of limitations, it must be alleged in the indictment and proved."

"In criminal cases, the period of limitation runs from the commission of the offense to the date of the indictment. The burden is on the State to prove that a crime occurred within the applicable statute of limitation." (Citation and punctuation omitted.) *Flournoy v. State*, 299 Ga. App. 377, 378 (1) (682 SE2d 632) (2009). The applicable general statute of limitation, OCGA § 17-3-1 (c), provides that

> [p]rosecution for felonies . . . must be commenced within four years after the commission of the crime, provided that prosecution for felonies committed against victims who are at the time of the commission of the offense under the age of 18 years must be commenced within seven years after the commission of the crime.[1]

Counts 5, 7, and 8 of the indictment alleged that Godfrey committed the offenses of aggravated child molestation, child molestation, and statutory rape with a child under the age of 16. This language invokes the statute of limitation tolling provision set forth in OCGA § 17-3-2.1. See *Tompkins v. State*, 265 Ga. App. 760, 765 (2) (c) (595 SE2d 599) (2004), reversed in part on other grounds, *Tompkins v. State*, 278 Ga. 857 (607 SE2d 891) (2005). Although the trial court was correct that when an exception is relied upon it must be alleged and proved, *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996), this court has held that an allegation that the victim was under the age of 16 is sufficient to satisfy this requirement. See *Grizzard v. State*, 258 Ga. App. 124, 127 (572 SE2d 760) (2002), overruled on other grounds, *Tompkins*, supra, 265 Ga. App. at 765 (2) (b), reversed in part on other grounds, *Tompkins*, supra, 278 Ga. at 857.

The indictment sufficiently invoked the tolling provision of OCGA § 17-3-2.1. That Code section provides that if the victim of certain sexual offenses, including those at issue here,

> is under 16 years of age on the date of the violation, the applicable period within which a prosecution must be commenced under Code Section 17-3-1 or other applicable statute shall not begin to run until the victim has reached

---

[1] Former OCGA § 17-3-1 (c) provided a seven-year limitation period for prosecutions involving victims under the age of 14, and was applicable to offenses committed prior to 2002.

the age of 16 or the violation is reported to a law enforcement agency, prosecuting attorney, or other governmental agency, whichever occurs earlier.

So for the crimes charged in Counts 5, 7, and 8 the statute did not begin to run until the earlier of these two dates — when the offenses were reported to police in January 2003. The State therefore had seven years from January 2003 to indict Godfrey. Because Godfrey was indicted within this seven-year window, those counts were not barred by the statute of limitation. See *Tompkins*, supra, 265 Ga. App. at 765-766 (2) (c). The trial court therefore erred in dismissing these counts as barred by the statute of limitation.

Counts 4 and 6 alleged that Godfrey committed child molestation and aggravated child molestation to a child under the age of 14 (which tracks the language of former OCGA § 17-3-1 (c) for application of the seven-year limitation period for offenses occurring prior to 2002). Because the State did not allege that the victim was under the age of 16, the tolling provision of OCGA § 17-3-2.1 was not invoked. See *Moss*, supra. The State therefore had to indict Godfrey within seven years after the commission of the crimes. Former OCGA § 17-3-1 (c). Counts 4 and 6 alleged that the crimes were committed between October 13, 1994, and June 30, 1995. The State therefore had to indict Godfrey before June 30, 2002 at the latest. Godfrey was first indicted in April 2006, and the State re-indicted him in December 2009. Because the State failed to indict Godfrey within the applicable limitation period, the trial court did not err in granting Godfrey's plea in bar to dismiss these counts.

3. The State argues that the trial court erred in granting Godfrey's special demurrer to dismiss Counts 1 and 2, and Counts 4-8 of the indictment. Those counts allege that Godfrey committed sex acts with the child victim within a range of dates. In granting Godfrey's special demurrer, the trial court held that the State could have narrowed the range of dates of the indictment. "We conduct a de novo review of a trial court's ruling on a special demurrer in order to determine whether the allegations in the indictment are legally sufficient." (Citation omitted.) *State v. Marshall*, 304 Ga. App. 865 (698 SE2d 337) (2010).

"Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer." (Citations, punctuation and footnote omitted.) *State v. Layman*, 279 Ga. 340, 340-341 (613 SE2d 639) (2005); see OCGA § 17-7-54 (a) (indictment should state with sufficient certainty the time and place of committing offense).

Although this Court has recognized an exception to this rule where the evidence does not permit the State to identify a single date on which the offense occurred, the exception does not apply unless the State first presents evidence to the trial court showing that it cannot more specifically identify the dates of the offenses.

(Citation and footnote omitted.) *Howard v. State*, 281 Ga. App. 797, 798 (1) (637 SE2d 448) (2006). "[I]f an indictment alleges that a crime occurred between two particular dates, and if evidence presented to the trial court shows that the State can reasonably narrow the range of dates during which the crime is alleged to have occurred, the indictment is subject to a special demurrer." *Layman*, supra, 279 Ga. at 341.

At the hearing on the motion, a detective assigned to investigate the case testified that the 14-year-old victim stated during a forensic interview that Godfrey had vaginal and anal sex with her. He stated further that "[the victim] said it happened several times. She said it happened once. She said it happened twice. She disclosed other things during the course of the investigation that [led] me to believe it happened over the course of those years." When asked specifically how many times the victim stated Godfrey performed sex acts with her, the detective testified that the victim disclosed that Godfrey did so when she was age five and on January 28, 2003, when she was age fourteen, the day before her outcry to a teacher. The detective explained that because the victim had the mental ability of a seven-year-old, he and the forensic interviewer decided that based upon the entire interview, the victim was "not adequately able to give us a timeline," and that "[d]uring the forensic interview, we narrowed it down that this was a repeated act that had been occurring since she was 5 or 6 years old."

The trial court, obviously rejecting the detective's testimony, concluded: "It is apparent from the testimony of [the detective] and the video tape of [the victim's] interview with the Georgia Center for Children . . . that there were only two instances of molestation. . . ." The court ruled that the State could reasonably have narrowed the range of dates in the indictment and granted Godfrey's demurrer to all of the counts challenged.

Because we review the trial court's ruling on this issue de novo, and because the State's evidence that it could not reasonably narrow the dates of the indictment necessarily requires us to review the videotape, we remand this case to the trial court for the videotape to be made a part of the record here on appeal.

*Judgment affirmed in part and vacated in part, and case remanded. Mikell and Adams, JJ., concur.*

DECIDED MARCH 15, 2011 —
RECONSIDERATION DENIED APRIL 12, 2011.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellant.
*Jennifer Lubinsky, Alixe E. Steinmetz*, for appellee.