**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 4, 2013**

# In the Court of Appeals of Georgia

A12A1703. MOSBY v. THE STATE.                                    JE-065C

ELLINGTON, Chief Judge.

The State indicted Michael Mosby in the Superior Court of Gwinnett County on multiple counts of sexual offenses against four of his children. As to all but one count, the State alleged that the offenses occurred during a specified date range, rather than on a certain day.[1] Mosby filed a special demurrer, arguing that he expected

---

[1] As to A. M., the indictment charged Mosby with committing incest during the 2001 calendar year, child molestation four times during 2001, and once during 2003 , and aggravated child molestation twice during the first ten months of 2001 and once during 2004. As to Br. T., the indictment charged Mosby with committing child molestation during 2003 and aggravated battery during the last week of 2003. As to A. T., the indictment charged Mosby with committing the offense of enticing a child during 2004. As to Be. T., the indictment charged Mosby with committing child molestation once during 2004 and once during 2005. Collectively, these were listed as Counts 1 through 14 in the indictment. The indictment also charged Mosby with committing child molestation against Be. T. on December 25, 2006 (Count 15).

his defense to include evidence that he did not reside in the family home at the time of several of the alleged offenses and, therefore, that the State should be required "to vastly narrow the alleged date range[s] so that [he] may better defend himself against the allegations" in the indictment. Mosby also filed a motion to dismiss and plea in bar, arguing that, as indicted, several counts are barred by the applicable statutes of limitation. After a hearing, the trial court overruled the special demurrer and denied the motion to dismiss, and Mosby appeals. As explained below, we reverse.

1. Mosby contends that the trial court erred in overruling his special demurrer because the State presented no evidence showing that it could not more specifically identify the dates of the offenses charged in Counts 1 through 14. "Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates." (Punctuation and footnotes omitted.) *State v. Layman*, 279 Ga. 340, 340-341 (613 SE2d 639) (2005). Further, "if an indictment alleges that a crime occurred between two particular dates, and if evidence presented to the trial court shows that the State can reasonably narrow the range of dates during which the crime

is alleged to have occurred, the indictment is subject to a special demurrer." Id. at 341. Thus, even when the State cannot identify a *single* date on which the offense occurred, the range of dates alleged in the indictment should not be unreasonably broad.

As we have emphasized, the exception to the single-date requirement is not applicable where the State fails to present *evidence* to the trial court to show that the State is unable to identify a single date on which an offense occurred, as, for example, when the victim is a child who may be incapable of adequately articulating exactly when the offense occurred – the State may not rely upon speculation or upon generalities about child victims. *Blackmon v. State*, 272 Ga. App. 854, 854-855 (614 SE2d 118) (2005). As Mosby's counsel cogently argued at the hearing on his special demurrer,

> Mr. Mosby is entitled to an evidentiary hearing. [Mr. Mosby] [h]aving filed his special demurrer, it falls to the State to put up evidence that they were unable to narrow the dates any better than they did. . . . [The prosecutor's arguments] would not be sufficient to constitute evidence before this Court. . . . [Mr. Mosby's] defense will be prejudiced if we can't have [the] date range[s] narrowed down. So I do call on the prosecutor to introduce evidence[,] subject to scrutiny[,] about why that has not been done.

3

The State failed to answer this call, however, and relied only on its argument that the exception applies because "a child victim often cannot furnish the precise date of an alleged offense[;] . . . the law says that sometimes these children don't remember exact dates[.]" As in *Blackmon v. State,* regardless whether the State was in fact unable to pinpoint the particular dates of the alleged crimes in this case,

> we cannot speculate about such a matter. . . . While evidence that the victim is a minor who is incapable of articulating exactly when the offense occurred is a factor the trial court can take into account in determining whether the [S]tate carried its burden of showing that it cannot establish a specific date or time frame in which the offense or recurring offenses occurred, no such evidence appears in the record before us, and it appears the trial court did not require the [S]tate to make any such showing below.

(Punctuation and footnote omitted.) 272 Ga. App. at 855.[2] Absent the required evidentiary showing, we must conclude that Counts 1 through 14 are imperfect and subject to the special demurrer. Id. Consequently, the trial court erred in overruling Mosby's special demurrer, and, therefore, *Blackmon v. State* mandates that we reverse the trial court's ruling.

We note that, if the trial court had overruled Mosby's special demurrer without conducting a hearing at which the State had an opportunity to present evidence on the issue of its ability to identify the dates on which the offenses occurred, we would, as

---

[2] See also *State v. Gamblin*, 251 Ga. App. at 283-284 (1) (affirming order sustaining a special demurrer as to two counts of child molestation and sexual battery that were alleged to have occurred within a two year period on the basis that the State failed to show that the exact dates were unknown). We note that the cases cited by the State , including *Schwindler v. State*, 254 Ga. App. 579 (2) (563 SE2d 154) (2002); *Gentry v. State*, 235 Ga. App. 328 (3) (508 SE2d 671) (1998); and *Hutton v. State*, 192 Ga. App. 239 (4) (384 SE2d 446), are inapposite because different standards apply to rulings on special demurrers that are reviewed before trial and those reviewed after trial. *State v. Gamblin*, 251 Ga. App. at 284 (1); see also *Blackmon v. State*, 272 Ga. App. at 854 (accord). In reviewing a special demurrer filed after a trial has already occurred, this Court is able to review all the evidence to determine whether a defendant was in fact surprised or otherwise prejudiced by the lack of specificity in an indictment. *State v. Gamblin*, 251 Ga. App. at 284 (1). "Because we are reviewing [Mosby's] indictment before any trial, [on the other hand,] we do not conduct a harmless error analysis to determine if he has actually been prejudiced by the alleged deficiencies in the indictment; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance." (Footnote omitted.) *Blackmon v. State*, 272 Ga. App. at 854. See also *State v. Gamblin*, 251 Ga. App. at 284 (1).

5

suggested by Judge Dillard in his dissenting opinion, vacate, rather than reverse, the trial court's ruling and remand for the required evidentiary hearing. See *Moore v. State*, 294 Ga. App. 570, 576-577 (2) (669 SE2d 498) (2008). In this case, however, the State *was* afforded an opportunity to present evidence and failed to do so or to request a continuance of the hearing if necessary. Under the circumstances presented here, we conclude that remanding to give the State a second opportunity to shoulder its burden is inappropriate and unauthorized, barring legislative action which is beyond the purview of this Court.[3]

---

[3] We note that *State v. Layman*, cited by Judge Dillard, stood in a very different procedural posture from this case and provides no authority for vacating the trial court's ruling and remanding this case for a hearing. See 279 Ga. at 341-342 (After the State presented extensive evidence on the issue of whether it was able to narrow the range of dates on which the crimes allegedly occurred, the trial court found that the State could reasonably narrow the range of dates and sustained the demurrer. The Supreme Court of Georgia agreed with the trial court's analysis of the evidence on that issue and, therefore, affirmed its ruling.).

Of course, our holding does not preclude the State from reindicting Counts 1 through 14[4] upon the return of this case to the trial court. *Blackmon v. State*, 272 Ga. App. at 855.[5] See Division 2, infra.

2. Mosby contends that, as pled, eight counts of the indictment are barred by the applicable statutes of limitation and, therefore, that the trial court erred in denying his motion to dismiss and plea in bar to this extent. Although we have determined that the trial court erred in overruling Mosby's special demurrer, for the reasons explained in Division 1, supra, we address the issue in light of the State's ability to seek a new indictment upon the return of this case to the trial court.

(a) Mosby challenges Counts 1, 3, 4, and 6, which charged him with committing child molestation against A. M., "a child under the age of sixteen years,"

---

[4] Because neither Mosby's special demurrer nor his motion to dismiss and plea in bar raised any challenge to Count 15, our decision regarding his appeal from the trial court's rulings does not affect that count.

[5] See OCGA § 17-3-3 ("If an indictment is found within the time provided for in Code Section 17-3-1 or 17-3-2, or other applicable statute, and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered."); *Wallace v. State*, 253 Ga. App. 220, 222 (3) (558 SE2d 773) (2002) (When a defendant files a special demurrer challenging the form of an imperfect indictment, "the quashing of [the] indictment merely bars trial on the flawed indictment[;] it does not bar the State from reindicting the defendant.") (footnote omitted).

during the 2001 calendar year. The record shows that A. M.'s date of birth is November 8, 1988; consequently, she was under 14 years of age at the time of each offense. OCGA § 17-3-1, as it was in effect at the time, provided that, where the victim was under 14 years of age at the time of the offense, prosecution for these felonies must be within seven years after the commission of the crime.[6] As the State contends, however, pursuant to OCGA § 17-3-2.1 (a), the statutory period did not begin to run, at the earliest, until November 9, 2004, when A. M. reached 16 years of age.[7] Further, Counts 1, 3, 4, and 6, alleged that Mosby committed the offenses

---

[6]     [Unless otherwise specified,] [p]rosecution for felonies . . . must be commenced within four years after the commission of the crime, provided that prosecution for felonies committed against victims who are at the time of the commission of the offense under the age of 14 years must be commenced within seven years after the commission of the crime.

OCGA § 17-3-1 (c) (2001). See *State v. Godfrey*, 309 Ga. App. 234, 238, n. 1 (709 SE2d 572) (2011) ("Former OCGA § 17-3-1 (c), [which] provided a seven-year limitation period for prosecutions involving victims under the age of 14, . . . [is] applicable to offenses committed prior to 2002.").

[7]     For crimes committed during the period beginning on July 1, 1992, and ending on June 30, 2012, if the victim of a violation of: . . .
(5) Child molestation or aggravated child molestation, as defined in Code Section 16-6-4; . . . [or]
(7) Incest, as defined in Code Section 16-6-22,
is under 16 years of age on the date of the violation, the applicable period within which a prosecution shall be

8

against a child under the age of 16, which sufficiently invoked the statute of limitation tolling provision set forth in OCGA § 17-3-2.1. *State v. Godfrey*, 309 Ga. App. 234, 238 (2) (709 SE2d 572) (2011). The indictment was filed on July 6, 2011, well before the seven-year statutory period expired on November 9, 2011. Accordingly, the trial court did not err in denying Mosby's plea in bar as to these counts. Id. at 239 (2).

(b) Mosby raises a similar challenge to Counts 2 and 5, which charged him with committing aggravated child molestation against A. M., "a child under the age of thirteen years," during the first ten months of 2001. Because the State did not allege that the victim was under the age of 16 in these counts, the tolling provision of OCGA § 17-3-2.1 was not invoked. See *State v. Godfrey*, 309 Ga. App. at 239 (2) (Alleging that the defendant committed child molestation and aggravated child molestation to a child under the age of 14 did not constitute an allegation that the victim was under the age of 16, as required to invoke the tolling provision of OCGA

commenced under Code Section 17-3-1 or other applicable statute shall not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency, prosecuting attorney, or other governmental agency, whichever occurs earlier.

OCGA § 17-3-2.1 (a). We note that Mosby does not contend that the offenses were reported to law enforcement before November 9, 2004.

9

§ 17-3-2.1.). Because the State failed to invoke the tolling provision of OCGA § 17-3-2.1 in Counts 2 and 5, and because the indictment was filed more than seven years after the commission of the crimes, the State failed to prosecute Mosby for these offenses within the time provided by law.

(c) Mosby raises a similar challenge to Count 9, which charged him with committing incest against A. M. during 2001. See OCGA § 16-6-22 (a) (1).[8] The State did not allege that the victim was under the age of 16 in this count, however, and, therefore, as with Counts 2 and 5, the tolling provision of OCGA § 17-3-2.1 was not invoked. Consequently, the State failed to prosecute Mosby for this offense within the time provided by law.

(d) Mosby contends that prosecution is barred as to Count 10, which alleged that, between December 25 and December 31, 2003, he committed aggravated sexual battery, OCGA § 16-6-22.2, against Br. T. As Mosby contends and the State concedes, the applicable period of limitation is seven years.[9] And, as Mosby contends,

---

[8] "A person commits the offense of incest when such person engages in sexual intercourse or sodomy . . . with a person whom he or she knows he or she is related to either by blood or by marriage as [f]ather and child or stepchild[.]" OCGA § 16-6-22 (a) (1). There is no limitation regarding the age of the victim.

[9] OCGA § 17-3-1 (c) ("[F]elonies committed against victims who are at the time of the commission of the offense under the age of 18 years shall be commenced within seven

10

the offense of aggravated sexual battery is not subject to the tolling provisions of OCGA § 17-3-2.1 (a). Consequently, the State failed to prosecute Mosby for this offense within the time provided by law.

*Judgment reversed. Phipps, P. J., Barnes, P. J., Miller, P. J., and McFadden, J., concur. Dillard and McMillian, JJ., dissent.*

---

years after the commission of the crime.") (2011).

A12A1703. MOSBY v. THE STATE.

DILLARD, Judge, dissenting.

I respectfully dissent. The record reflects that both Mosby and the State presented oral argument before the trial court, but Mosby specifically requested an evidentiary hearing on his special demurrer, positing that mere arguments to the court "would not be sufficient to constitute evidence before the Court." But instead of

holding an evidentiary hearing as Mosby requested, the trial court summarily denied his special demurrer. In doing so, the trial court erred; and the majority likewise errs in concluding that the indictment is subject to the special demurrer prior to an evidentiary hearing being held by the trial court.[1] Accordingly, I would vacate the trial court's order and remand for an evidentiary hearing on Mosby's special demurrer.[2]

I am authorized to state that Judge McMillian joins in this dissent.

---

[1] *See State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005) (noting that an "indictment is subject to a special demurrer" only when the "indictment alleges that a crime occurred between two particular dates, and if *evidence presented to the trial court* shows that the State can reasonably narrow the range of dates during which the crime is alleged to have occurred" (emphasis supplied)).

[2] *See Moore v. State*, 294 Ga. App. 570, 576 (2) (669 SE2d 498) (2008) (vacating denial of special demurrer and remanding for an evidentiary hearing).