**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2020**

# In the Court of Appeals of Georgia

A19A1871. MOSBY v. THE STATE.

A19A2054. MOSBY v. THE STATE.

GOBEIL, Judge.

In Case No. A19A1871, Mosby appeals from his convictions on one count of child molestation and one count of sexual battery. Following the denial of his motion for a new trial, Mosby contends that (1) the trial court erred in overruling his special demurrer to the child molestation charge; (2) the trial court erred by denying his plea in abatement because the indictment was not returned in open court; and (3) the evidence was insufficient to support his conviction for sexual battery.

In Case No. A19A2054, Mosby appeals from his convictions on seven counts of child molestation and two counts of aggravated child molestation. Following the denial of his motion for a new trial, Mosby contends that the trial court erred by (1)

overruling his general demurrer as to one of the aggravated child molestation counts; (2) overruling his special demurrer as to five counts in the indictment; and (3) denying his plea in bar as to one of the child molestation counts.

As explained more fully below, in Case No. A19A1871, we affirm the judgment of conviction and remand the case for resentencing. In Case No. A19A2054, we affirm in part and reverse in part and remand the case for resentencing.

In *Mosby v. State*, 319 Ga. App. 642 (738 SE2d 98) (2013) ("*Mosby I*"), we reversed the Superior Court of Gwinnett County's order overruling Michael Mosby's special demurrer to 14 counts of a 15-count indictment (the "2011 indictment") charging Mosby with committing multiple counts of sexual offenses against four of his daughters. Additionally, we reversed the trial court's denial of Mosby's motion to dismiss and plea in bar, concluding that several counts were barred by the applicable statutes of limitation. Id. at 646-647 (2) (b)-(d).

Following remand and in accordance with our opinion in *Mosby I*,[1] the State reindicted Mosby on several counts, and charged him with additional counts of sexual

---

[1] In *Mosby I*, we noted that "our holding does not preclude the State from reindicting Counts 1 through 14 upon the return of this case to the trial court." 319 Ga. App. at 645 (1) (footnote omitted).

offenses in a separate indictment. The case proceeded to a stipulated bench trial on both indictments, Mosby was found guilty of numerous offenses, and he now appeals.

> On appeal from a bench trial, we view the evidence in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. We no longer presume the defendant is innocent, but only determine if the evidence is sufficient to sustain the convictions.

*Landine v. State*, 295 Ga. App. 761, 761-762 (673 SE2d 124) (2009) (citation and punctuation omitted). See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). So viewed, the evidence showed that Mosby repeatedly molested his four daughters, Be. T, A. S. M., A. T., and Br. T, in various ways over a period of several years, from approximately 2000 to 2009.

Indictment No. 13B-1649-6 (the "February 2013" indictment) charged Mosby with committing one count each of child molestation (Count 1) and sexual battery (Count 2) against Be. T. Indictment No. 13B-1968-6 (the "March 2013 indictment") charged Mosby as follows: as to A. S. M., three counts of child molestation (Counts 1, 2, and 5), six counts of aggravated child molestation (Counts 3, 6, 7, 8, 9, and 10), and one count of incest (Count 4); as to A. T., one count of child molestation (Count 11); as to Be. T., three counts of child molestation (Counts 12, 13, and 15); and, as

3

to Br. T., one count each of aggravated child molestation (Count 14) and child molestation (Count 16).

Mosby challenged the form sufficiency of the indictments by filing numerous pretrial motions, including special and general demurrers, motions to dismiss, and pleas in abatement. In November 2013, the trial court conducted a three-day hearing on the motions (the "November motions hearing"), and dismissed several counts of the March 2013 indictment.[2] The case proceeded to a bench trial on the remaining counts of the indictments. In accordance with the parties' stipulation, the trial court conducted the bench trial using the transcript and evidence from the November motions hearing. The defense called a single witness, Mosby's ex-wife and the mother of the four victims.

The ex-wife testified as to the family's sleeping arrangements over the years. She explained that the family had lived in a number of residences, and due to financial constraints, each child did not have his or her own bedroom. She testified that the family's sleeping arrangements varied depending on her work schedule and the children's extracurricular activities. At times, Mosby slept in a bed with the

---

[2] Specifically, the trial court dismissed Counts 3-5 and 7-10 of the March 2013 indictment.

4

couple's two sons, but he also slept in a bed with their daughters. She further testified that A. S. M. often slept in a separate bedroom because she suffered from a chronic illness, thus allowing Mosby access to the child.

*Case No. A19A1871*

The facts relevant to Case No. A19A1871 show that, on February 20, 2013, a Gwinnett County grand jury returned an indictment charging Mosby with committing (1) child molestation against Be. T. between March 1, 2009 and June 30, 2009 "by touching her breasts and vagina with intent to arouse and satisfy the sexual desires of said child and said accused" (Count 1); and (2) sexual battery against Be. T. on January 1, 2009, by "unlawfully and intentionally mak[ing] physical contact with an intimate part of the body, to wit: the breasts and vagina, of another person, to wit: [Be. T.]" (Count 2).

1. Mosby contends that the trial court erred in overruling his special demurrer to Count 1 of the February 2013 indictment because the State should have provided a narrower date range. We find no reversible error.

"Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer." *State v. Layman*, 279 Ga. 340, 340-341 (613 SE2d 639) (2005) (citation

5

and punctuation omitted). However, where the State presents evidence to the trial court to show that the State is unable to identify the specific date on which the offense occurred, as, for example, when the victim is a child who is incapable of adequately articulating exactly when the offense occurred, "the State is permitted to allege that the crime occurred between two particular dates." *O'Rourke v. State*, 327 Ga. App. 628, 631-632 (2) (760 SE2d 636) (2014). In a post-conviction appeal of a trial court's pretrial ruling denying a special demurrer, we apply a harmless error standard of review. Id. at 633 (2). See also *Andemical v. State*, 336 Ga. App. 661, 665 (2) (786 SE2d 238) (2016) (a criminal defendant "must show that he was prejudiced by being tried on a defective accusation; without harm, an erroneous overruling of a special demurrer is not a basis for reversal") (citation and punctuation omitted).

Here, the trial court conducted a hearing on Mosby's special demurrer, at which the State presented the testimony of Be. T. With the exception of an incident that occurred on Christmas Day in 2006, Be. T., who was 19 years old at the time of the hearing, and approximately 15 years old at the time of the offenses, was unable to offer specific dates for the offenses committed against her as alleged in the February 2013 indictment. Instead, Be. T. approximated the dates of various offenses by considering factors such as her grade in school and the location where the family

6

lived when certain offenses occurred. Regarding Count 1, Be. T. testified that she was unsure of the precise date of this incident, but she recalled that it occurred sometime near the end of the school year in 2009. She acknowledged that the school year ended in May, but was unsure of the exact date.

Based on this testimony, Mosby contends that the State should have narrowed the dates alleged in the indictment to eliminate the month of June 2009. As we noted in *Mosby I*, in support of his special demurrer to the 2011 indictment, Mosby "argu[ed] that he expected his defense to include evidence that he did not reside in the family home at the time of several of the alleged offenses and, therefore, that the State should be required to 'vastly narrow the alleged date ranges so that he may better defend himself against the allegations.'" 319 Ga. App. at 642 (punctuation omitted). However, at the bench trial, Mosby did not present such a defense to Count 1 of the February 2013 indictment. Instead, he offered only the testimony of his ex-wife to explain the family's living arrangements during the relevant time periods, and he stipulated to the admission of the transcript of the November 2013 motions hearing, which included Be. T.'s testimony regarding the dates of the offenses. Because the specific evidence regarding the date of the offense charged in Count 1 was in evidence and considered by the trier of fact, Mosby has failed to show

prejudice resulting from the range of dates included in the indictment. See *O'Rourke*, 327 Ga. App. at 633 (2) (affirming trial court's overruling of special demurrer to indictment which alleged a range of dates within which offense occurred, where defendant failed to show that he was surprised or otherwise prejudiced by alleged deficiency in indictment). Accordingly, the trial court's overruling of Mosby's special demurrer is not reversible error.

2. Mosby filed a motion in abatement alleging that the February 2013 indictment was not returned in open court, and he supplemented this filing with a motion to inspect the grand jury minutes. Mosby then filed a renewed motion to inspect the grand jury minutes, plea in abatement, amended motion to dismiss for lack of subject matter jurisdiction, and second amended plea in bar and motion to dismiss. The trial court heard these motions at the November motions hearing, and denied the same.

Mosby maintains that "[t]he State had the opportunity [to] present evidence in an attempt to refute the plea of abatement claims but elected not to. Consequently, the State failed to shoulder [its] burden and the trial court erred in denying [Mosby's] plea in abatement." This argument is belied by the record.

An indictment must be returned in "open court," meaning a "place where court is being held open to the public with the judge and clerk present." *State v. Brown*, 293 Ga. 493, 494 (1) (748 SE2d 376) (2013) (citations and punctuation omitted). In reviewing Mosby's plea in abatement, "[w]hen the evidence is uncontroverted and no issues of witness credibility are presented, we review de novo the trial court's application of the law to undisputed facts." *Worthy v. State*, 307 Ga. App. 297, 304 (3) (704 SE2d 808) (2010).

On its face, the February 2013 indictment indicates that it was "[r]eceived in open court from the sworn Grand Jury bailiff and filed in office[,] [t]his 20th day of February, 2013." Further, the February 2013 indictment bears a file stamp indicating that it was filed with the Clerk of Superior Court on February 20, 2013. See *State v. Thompson*, 261 Ga. App. 828, 829 (2) (584 SE2d 7) (2003) ("A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed is the best evidence of such filing.") (citation and punctuation omitted). Significantly, the deputy clerk who signed the indictment verified that her signature appeared on the indictment, indicating that it was returned in open court. Mosby has failed to point to any evidence in the record supporting his contention that the indictment was not

9

returned in open court. Accordingly, we affirm the trial court's denial of his plea in abatement. Compare *Brown*, 293 Ga. at 494-496 (1) (determining that indictment was not returned in open court because evidence showed that indictment was returned in new courthouse that was not yet open to the public).

3. Mosby challenges the sufficiency of the evidence with respect to Count 2 of the February 2013 indictment. Specifically, he contends that the evidence pointed to unlawful sexual contact on a different date than the date alleged in the indictment. Alternatively, Mosby argues that if this Court concludes that the evidence was sufficient to support his conviction for sexual battery, we should merge the sexual battery count with the child molestation count.

Under long-standing Georgia law, a date alleged in an indictment, without more, is not a material allegation of the indictment, and, consequently, unless the indictment specifically states that the alleged date is material, the State may prove that the alleged crime was committed on any date within the statute of limitation. See *Bradford v. State*, 285 Ga. 1, 4 (3) (673 SE2d 201) (2009).

Viewed in favor of the guilty verdict, the evidence shows that Be. T. arrived home from school one day in 2009, near the end of the school year, and she sat on a

couch in the family's living room.[3] Mosby entered the room and Be. T. pretended to be asleep. Mosby sat down next to her and began rubbing her thigh. Be. T. "stated that she didn't respond to the initial touch and she continued to pretend she was asleep thinking he would stop" and described that she was "shocked to some extent." He then began rubbing her vagina on the outside of her pants and her breast over her shirt. Mosby then moved his hand under her shirt and rubbed her breast over her bra. He also unbuttoned her pants, pulled down her zipper, and began rubbing her vagina. This evidence was sufficient to support the sexual battery conviction. See OCGA § 16-6-22.1 (b) (defining sexual battery as occurring when a person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person").

Nevertheless, the State concedes that Counts 1 and 2 of the February 2013 indictment were predicated on the same act of touching Be. T.'s breast and vagina, and therefore, the convictions on those counts should merge for sentencing purposes. Accordingly, Mosby's conviction and sentence for sexual battery, set forth in Count 2 of the February 2013 indictment, is vacated. See *Gunn v. State*, 300 Ga. App. 229,

_____

[3] In lieu of Be. T. testifying at the bench trial, the parties stipulated to admitting her testimony from the November motions hearing, as well as the police report concerning the sexual battery, which was also admitted at that hearing.

11

230 (2) (684 SE2d 380) (2009) (concluding that two counts of sexual battery merged into child molestation convictions where convictions were based on the same acts of touching the victim's vagina and breast).

*Case No. A19A2054*

4. Mosby contends the trial court erred in denying his motion to dismiss Count 14 of the March 2013 indictment. Specifically, Mosby contends Count 14 was an illegal enlargement of Count 10 of the 2011 indictment, in an effort to circumvent this Court's ruling that the statute of limitation precluded prosecution on said count. We disagree.

Count 10 of the 2011 indictment charged Mosby with committing aggravated sexual battery against Br. T. by "unlawfully intentionally penetrat[ing] with a foreign object, to wit: his fingers, the vagina of [Br. T.] without the consent of [Br. T.]" between December 25, 2003, and December 31, 2003. Count 14 of the March 2013 indictment charged Mosby with committing aggravated child molestation against Br. T. by "inserting his finger in her vagina, which did result in physical harm to [Br. T.]" between January 1, 2003, and February 28, 2003.

At the November motions hearing, Br. T. testified that the January-February 2013 incident occurred when Mosby drove her to a Walmart to use a giftcard she had

12

received as a Christmas present. When she and Mosby left the store, he drove her to an empty parking lot and "told [her] to lean back in [her] chair." After she complied, he put his finger in her vagina. She recounted to police that the incident caused her pain. She was unable to specify the exact date that the incident occurred, but she recalled that it was after Christmas, and possibly after she returned to school following winter break. Additionally, Br. T. confirmed that the incident alleged in Count 14 occurred in January 2003, and not in December 2003, as alleged in Count 10 of the 2011 indictment.

Count 10 of the 2011 indictment and Count 14 of the March 2013 indictment allege different crimes, with different elements, committed within different date ranges. We thus find no merit in Mosby's contention that Count 14 impermissibly expanded the charge in the prior Count 10 of the 2011 indictment to avoid the relevant statute of limitation.

5. Mosby asserts that the trial court erred in overruling his general demurrer to Count 6 of the indictment, which charged him with committing aggravated child molestation involving an act of sodomy "by having sexual intercourse with [A. S. M.]," in violation of OCGA § 16-6-4 (c). Because Count 6 failed to allege the facts

necessary to establish the offense of aggravated child molestation, we agree that the trial court erred in overruling Mosby's general demurrer.

To withstand a general demurrer, an "indictment must either (1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute." *Strickland v. State*, 349 Ga. App. 673, 675 (2) (824 SE2d 555) (2019) (citation and punctuation omitted). Put another way, "if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective." Id. (citation and punctuation omitted).

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c). Here, Count 6 of the indictment did not charge Mosby with committing aggravated child molestation by physically injuring A. S. M., but charged him with committing aggravated child molestation by committing an act of sodomy. Sodomy is defined as "any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1).

14

On appeal, the State concedes that sexual intercourse is not an act of sodomy, and therefore, Count 6 as drawn in the indictment does not constitute the crime of aggravated child molestation and cannot stand. Accordingly, Mosby's conviction on this count must be reversed and the sentence vacated. See *Moore v. State*, 212 Ga. App. 497, 497 (1) (442 SE2d 311) (1994) (reversing defendant's conviction for aggravated sodomy and vacating sentence where indictment did not meet the statutory definition of sodomy).

6. Mosby argues that the trial court erred by overruling his special demurrer to Counts 1, 2, 6, 11, and 14 of the March 2013 indictment. Mosby filed a special demurrer to quash the indictment on the ground that the State failed to adequately narrow the date ranges in several counts, even though it had the ability to do so.[4] On appeal, Mosby contends that the indictment is imperfect in form because the State alleged date ranges which included periods of time when Mosby was incarcerated, or where the victim's testimony excluded certain dates. We discern no error.

---

[4] The court granted the special demurrer as to Counts 5 and 7, and denied it as to the remaining counts.

15

We apply a harmless error standard of review to a post-conviction appeal of a trial court's pretrial ruling denying a special demurrer. *O'Rourke*, 327 Ga. App. at 633 (2).

(a) According to Mosby, the indictment is imperfect in form because he was incarcerated for periods of time in which he was alleged to have committed the offenses alleged in Counts 1 and 2 of the March 2013 indictment, and therefore the State should have narrowed the dates in those counts accordingly.

Count 1 of the indictment charged Mosby with committing child molestation against A. S. M. between December 1, 2000, and March 1, 2001. At the November motions hearing, Mosby presented evidence that he was incarcerated from January 31, 2001, to February 15, 2001. Count 2 of the indictment charged Mosby with committing a separate act of child molestation against A. S. M. between May 1, 2002, and August 31, 2002. At the November motions hearing, Mosby submitted evidence that he was incarcerated between May 1, 2002, and June 13, 2002.

Although there is evidence that Mosby was incarcerated for a couple of months as summarized above, we conclude that Mosby has failed to show harm resulting from the State's inclusion of those dates in Counts 1 and 2. *Andemical*, 336 Ga. App. at 665 (2).

16

Here, the same judge presided over the November motions hearing and the bench trial. Because the parties stipulated to the inclusion of the November motions hearing transcript in the record, the evidence at the bench trial included evidence of Mosby's incarceration on the relevant dates. When presented with the incarceration records, the victims testified that the molestation occurred within the date range alleged in the indictment, but acknowledged that the offenses did not occur while Mosby was incarcerated. Mosby did not present additional evidence that he was absent from the family residence during the remaining relevant time periods. It follows that, since the record includes evidence which would have permitted the trier of fact to find Mosby guilty of the charged crimes beyond a reasonable doubt, any error in the trial court's overruling of his special demurrer was harmless and does not warrant reversal. See generally *Barghi v. State*, 334 Ga. App. 409, 414 (3) (779 SE2d 373) (2015) (affirming defendant's convictions following bench trial and noting that "it was perfectly appropriate for the trial court, as the trier of fact, to rely on evidence that was already a part of the case record" where same judge presided over hearing on defendant's plea in bar and bench trial) (punctuation and footnote omitted).

(b) Mosby asserts that the trial court erred by denying his special demurrer to Count 11 because A. T. testified that she was in school at the time of the offense, thus

excluding the summer months alleged in the indictment. As to Count Count 14, Mosby contends that Br. T.'s equivocal testimony mandated that the State narrow the date range in that count of the March 2013 indictment.

Count 11 charged Mosby with committing child molestation against A. T. between May 1, 2003, and September 1, 2003. At the November motions hearing, A. T. testified that she thought the molestation occurred while she was in school, but she was not certain.

Count 14 charged Mosby with committing aggravated child molestation against Br. T. between January 1, 2003, and February 28, 2003. Br. T. testified that the offense charged in Count 14 likely occurred in January 2003, but she was unsure of an exact date. Additionally, Br. T. confirmed that the incident alleged in Count 14 occurred in January 2003, and not in December 2003, as alleged in Count 10 of the 2011 indictment.

Because A. T.'s and Br. T.'s respective testimony was equivocal, we conclude that the trial court did not err in determining that the State could not have reasonably narrowed the dates further. Therefore, the trial court did not err in overruling Mosby's special demurrer as to Counts 11 and 14. Furthermore, Mosby has failed to show that he was harmed by the alleged imperfection in the indictment, and we can discern no

prejudice in the record. "Any error in failing to try [Mosby] upon a 'perfect' indictment was, thus, manifestly harmless." *Mitchell v. State*, 282 Ga. 416, 419 (4) (651 SE2d 49) (2007).

(c) Finally, Mosby contends that the trial court erred in overruling his special demurrer to Count 6. Based on our conclusion in Division 5, supra, that Count 6 was insufficient to withstand Mosby's general demurrer, we need not reach this claim of error.

*Judgment affirmed in Case No. A19A1871 and case remanded for resentencing. Judgment affirmed in part and reversed in part and case remanded for resentencing in Case No. A19A2054. Dillard, P. J., and Hodges, J., concur.*