## A03A2242. TURLEY v. THE STATE.
### (593 SE2d 916)

RUFFIN, Presiding Judge.

Scott Turley was found guilty of aggravated assault.[1] On appeal, Turley contends that the trial court abused its discretion in admitting evidence of a similar transaction. Turley also asserts that he received ineffective assistance of counsel. For reasons that follow, we find that Turley's claims of error lack merit and affirm.

Viewed in a light favorable to the verdict, the evidence shows that on September 5, 2000, Turley and Joseph Ralph were at a bar, sitting next to two women, Renee Warrington and Christine Jennings. Warrington's boyfriend, Shane Jennings, and Christine Jennings' husband, Wade, were next door playing pool. Ralph kept trying to talk to the two women, who attempted to discourage him. When Shane Jennings returned to the bar and told the two women it was time to leave, Ralph made a disparaging comment about him. Warrington then spoke to Ralph, informing him that he was talking about her boyfriend. Shane Jennings also told Ralph "to mind his own business, [that Warrington] was [his] girlfriend." With no provocation, Turley leaped out of his chair and struck Shane Jennings in the face with a glass. Turley's blow cut Shane Jennings' eyelid and split his cheek to the bone. Shane Jennings was then taken to the hospital where he received ten stitches.

During the trial, the State tendered evidence that, in 1998, Turley instigated another bar fight, without provocation, during which he attempted to hit someone with a beer bottle. Based upon this and other evidence, the jury found Turley guilty of aggravated assault.

---

[1] Turley also was charged with aggravated battery, but the jury found him not guilty of this charge.

1. According to Turley, the trial court abused its discretion in permitting the State to tender evidence of the 1998 bar fight. Following a pre-trial hearing, the trial court concluded that the evidence was admissible as a similar transaction to establish Turley's bent of mind and course of conduct. On appeal, Turley contends the trial court failed to address whether the potential prejudice of the evidence outweighed its probative value. Turley also contends that the evidence "served no valid purpose other than to show a propensity to commit a crime or to unfairly place [his] character at issue." We disagree.

Although proof of a separate offense or act for which the accused is not on trial is generally inadmissible, evidence of that offense may be admitted in certain circumstances.[2] Specifically, similar transaction evidence is admissible if the State establishes that (1) the evidence is admitted for a proper purpose; (2) sufficient evidence shows that the accused committed the separate act; and (3) there is sufficient connection or similarity between the separate act and the offense charged that proof of the former tends to establish the latter.[3] The decision to admit similar transaction evidence rests within the sound discretion of the trial court, and we will not disturb that decision absent abuse.[4]

Here, Turley contended at trial that he acted in self-defense. Thus, evidence of his prior, unprovoked attack of a bar patron was relevant to establish his course of conduct and bent of mind.[5] Moreover, the trial court's failure to expressly balance the probative value of the evidence against its prejudicial impact presents no basis for reversal as a trial court is not required to fully articulate its reasoning in this regard.[6] It follows that this claim of error lacks merit.

2. Turley also contends that he received ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, Turley must show not only that his attorney's performance was deficient, but also that the alleged deficiency prejudiced him.[7] Turley is unable to meet this burden.

According to Turley, his attorney rendered ineffective assistance

---

[2] *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991).

[3] See *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001).

[4] See *Jones v. State*, 255 Ga. App. 609, 611 (565 SE2d 915) (2002).

[5] See *Griffin v. State*, 241 Ga. App. 783, 784 (2) (527 SE2d 577) (1999).

[6] *Swift v. State*, 229 Ga. App. 772, 775 (2) (e) (495 SE2d 109) (1997) ("[A] trial court's finding that other transactions evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact.") (punctuation omitted).

[7] See *Whited v. State*, 258 Ga. App. 195, 196 (573 SE2d 449) (2002).

in failing to inform him of the possibility of entering an *Alford*[8] plea.[9] Implicit in this argument is Turley's contention that he is entitled to such plea. However, a defendant has no constitutional right to enter a guilty plea,[10] and Turley points to no evidence that the trial court was willing to accept such plea. Under these circumstances, Turley's attorney was not deficient in failing to advise his client about *Alford* pleas.[11]

Turley also argues that his attorney was ineffective in failing to advise him whether to accept the State's plea offer. We find this argument unavailing. The record demonstrates that Turley's attorney discussed the State's plea offer with his client and explained the logistics of sentencing. Accordingly, Turley understood the consequences of going forward with the trial, and his attorney was not ineffective for failing to talk Turley into accepting the plea offer.[12]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 2, 2004 

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

---

[8] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[9] Although Turley also contends that his lawyer was ineffective for failing to inform him of the possibility of first offender treatment, his argument and citation of authority relate solely to his attorney's alleged failure to inform him of the *Alford* plea. Thus, Turley has abandoned his ineffectiveness claim with respect to his attorney's failure to inform him of first offender treatment. See *Ochoa v. State*, 252 Ga. App. 209, 211 (5) (555 SE2d 857) (2001). Moreover, it appears Turley was in fact sentenced under the First Offender Act. See OCGA § 42-8-60 et seq.

[10] See *Jackson v. State*, 251 Ga. App. 578, 580 (2) (554 SE2d 768) (2001); *Alford*, supra at 38, n. 11 (court's holding that a trial court may, in appropriate circumstances, accept a guilty plea despite the defendant's claim of innocence "does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead").

[11] Indeed, we find this situation analogous to an attorney's failure to inform his client of parole eligibility, which provides no basis for an ineffective assistance claim. See *Argot v. State*, 261 Ga. App. 569-571 (1) (583 SE2d 246) (2003).

[12] See *Cook v. State*, 255 Ga. 565, 580-581 (17) (f) (340 SE2d 843) (1986).