## S05A0062. THE STATE v. LAYMAN.

(613 SE2d 639)

Sears, Presiding Justice.

The appellant, the State of Georgia, appeals from the trial court's order quashing seven counts of an indictment against the appellee, Josh Layman. On appeal, the State contends that the trial court erred by quashing those counts of the indictment on the ground that the indictment did not allege the date of the alleged crimes with enough specificity. For the reasons that follow, we affirm.

On November 10, 2003, Layman was indicted for eight crimes stemming from the death of Cameron Green. Counts 1-7 of the indictment were for the crimes of felony murder, malice murder, armed robbery, hijacking a motor vehicle, aggravated assault, concealing the death of another, and theft by taking of a motor vehicle. All seven of these counts alleged that the crimes occurred between June 30, 2003, and July 19, 2003. Count 8 of the indictment was for the crime of making a false statement, and the indictment alleged that the crime occurred on July 24, 2003.

Layman filed a special demurrer to Counts 1-7 of the indictment, contending that the indictment failed to identify the date of the crimes with sufficient particularity. At a hearing on the special demurrer, Agent David King of the Georgia Bureau of Investigation testified that on July 19, 2003, the body of Cameron Green was found in Dawson County, and that he investigated Green's death. Agent King testified that several witnesses had seen Green alive on July 4, and that they had seen Green with Layman on that day. In addition, Agent King testified that Green's father stated that he had talked to his son about 11:00 a.m. on July 4. Moreover, Agent King testified that the remains found were skeletal, and that, based on his experience, Green had been dead about a week when his remains were found. He also added, however, that he was not trained in estimating the time of death; that he could not form an expert opinion as to the time of death; that the autopsy report did not list an estimated time of death; and that no medical examiner had related an estimated time of death to him. The agent also added that Green's black Mercedes automobile was found abandoned on July 8, 2003.

The trial court sustained Layman's demurrer to the indictment, stating that the State could narrow the range of dates on which the crimes allegedly occurred. The State has now appealed.

"Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject

to a timely special demurrer."[1] However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates.[2] Layman contended below, and the trial court agreed, that where the State was reasonably capable of narrowing the range of dates alleged in the indictment, it must do so. Although we can find no case exactly on point, we agree with the trial court's conclusion. First, the conclusion is consistent with the general rule that an indictment must be perfect in form and must allege a specific date on which the crime was committed.[3] Moreover, it is consistent with OCGA § 17-7-54, which provides that the indictment must state with "sufficient certainty" the date of the offense. In addition, if the State alleges a certain range of dates in an indictment, and, at trial, proves that the crimes occurred outside that range of dates, the State generally is not harmed. In this regard, the State is not restricted at trial to proving that an offense occurred on the date alleged in the indictment when the indictment does not specifically allege that the date of the offense is material.[4] And, if there is a variation between the date alleged and the date proved at trial, the variance does not entitle a defendant to a new trial unless it prejudiced the defense.[5] Accordingly, we conclude that, if an indictment alleges that a crime occurred between two particular dates, and if evidence presented to the trial court shows that the State can reasonably narrow the range of dates during which the crime is alleged to have occurred, the indictment is subject to a special demurrer.

Applying this rule in the present case, we conclude that the evidence at the hearing on the demurrer showed that the State reasonably could narrow the range of dates during which the indictment alleged the crimes were committed. In this regard, the evidence showed that several witnesses, including the victim's father, stated that the victim was alive on July 4. Moreover, as for the crimes involving the victim's car, the evidence showed that the car was found abandoned on July 8, 2003. Thus, it is reasonable to assume that the crimes concerning the car occurred on or before that date. Moreover, as for the July 19, 2003, end date alleged in the indictment, the

---

[1] *Blackmon v. State*, 272 Ga. App. 854 (614 SE2d 118) (2005); *State v. Gamblin*, 251 Ga. App. 283 (1) (553 SE2d 866) (2001).

[2] Id.

[3] Id.

[4] *Christian v. State*, 277 Ga. 775, 776 (596 SE2d 6) (2004); *Alexander v. State*, 274 Ga. 787, 789 (1) (b) (561 SE2d 64) (2002).

[5] *Blackwelder v. State*, 256 Ga. 283, 284 (4) (347 SE2d 600) (1986); *Hutton v. State*, 192 Ga. App. 239, 241 (384 SE2d 446) (1989).

evidence at the hearing established that Green had been dead for some significant period of days before his body was discovered.

For these reasons, we conclude that the trial court properly granted Layman's special demurrer to the indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 2005.

*Jason Deal, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellant.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III, Marc N. Cunat*, for appellee.