S06A0634, S06A0687. LAYMAN v. THE STATE (two cases).
(631 SE2d 107)

SEARS, Chief Justice.

Joshua Layman appeals from the entry of nolle prosequi on two indictments that were brought against him for the murder of Cameron Green and related crimes. Because the trial court did not err in consenting to the entry of nolle prosequi in this case, we affirm.

In 2003, the State indicted Layman for the murder of Cameron Green. Layman filed a demurrer, however, and the trial court quashed the indictment. This Court affirmed that decision.[1] Subsequently, the State obtained two more indictments against Layman for the same crimes. Layman again demurred to the new indictments. Under OCGA § 17-7-53.1, the State would be barred from further attempts to prosecute Layman for the crimes if the indictments were quashed for a second time.

Rather than risk the entry of a second quash, at a hearing on October 14, 2005, the State asked the trial court to enter an order of nolle prosequi on both indictments. The trial court agreed, and entered the orders over Layman's objection, thereby rendering his motions to quash moot.

Layman argues that the trial court abused its discretion by entering the orders of nolle prosequi over his objection. Under the

---

[4] OCGA § 9-6-20.

[5] *Bush v. Chappell,* 225 Ga. 659, 661 (171 SE2d 128) (1969).

[1] *State v. Layman,* 279 Ga. 340 (613 SE2d 639) (2005).

plain language of OCGA § 17-8-3, however, the State does not need the defendant's consent to obtain an order of nolle prosequi before the case has been submitted to a jury.[2] Because the case had not been submitted to a jury, Layman's consent was not necessary for the entry of nolle prosequi.

The fact that Layman's motion to quash was pending at the time of the entry of nolle prosequi does not change the analysis. As this court stated in *State v. Lejeune,* "[t]he trial court has discretion to order the entry of a nolle prosequi, instead of quashing the indictment, to avoid the application of OCGA § 17-7-53.1."[3]

Layman contends that if the State is allowed to use the entry of a nolle prosequi to avoid application of OCGA § 17-7-53.1, then that statute is rendered a virtual nullity because the State will always choose a nolle prosequi when a second motion to quash is filed by a defendant. The option of an entry of nolle prosequi, however, will not foreclose the entry of a second quash in every instance. For example, the State may choose to rest on the validity of its indictment, and decline to request a nolle prosequi, or the trial court may exercise its discretion to reject the request for a nolle prosequi, if it finds, for example, that the State has acted abusively.[4]

Moreover, the resolution of any tension between the two statutes is a matter for the legislature. By enacting the two-quash rule, without changing or limiting the rules for entry of a nolle prosequi, the legislature implicitly approved of the scenario that occurred in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 2006 —
RECONSIDERATION DENIED JULY 14, 2006.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III, Marc N. Cunat,* for appellant.

---

[2] See OCGA § 17-8-3 ("before [the case] has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court. After the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant.").

[3] 276 Ga. 179, 184 (4) (576 SE2d 888) (2003).

[4] We note that there have been no allegations of abusive conduct or harassment by the State in this case. The dispute over the indictment stems from the defendant's claim that the State failed to sufficiently specify the date the alleged crime occurred. See *Layman,* 279 Ga. 340.

*Lee Darragh, District Attorney, Richard A. Vandever, Assistant District Attorney, Thurbert E. Baker, Attorney General, Patricia B. Attaway Burton, Assistant Attorney General*, for appellee.