S06A0171. SANDERS v. THE STATE.
(631 SE2d 344)

HINES, Justice.

This is an appeal by defendant Donald Steve Sanders from an order of nolle prosequi entered on one of two indictments returned against him for murder and related crimes arising out of the death of the same victim. Sanders challenges the entry of nolle prosequi and the trial court's refusal to accept his pleas of guilty to the charges in the indictment subject to the nolle prosequi. For the reasons which follow, we affirm.

On December 15, 2004, a Gwinnett County grand jury indicted Sanders for malice murder, felony murder, armed robbery, two counts

of aggravated assault, and possession of a knife during the commission of a felony in connection with the death of Doris Joyner (Indictment 04B-4516-3, "first indictment").[1] That same day, the grand jury returned another true bill against Sanders, indicting him for the felony murder and armed robbery of Joyner (Indictment 04B-4517-1, "second indictment").[2] On March 4, 2005, the State filed a "Notice of Intent to Seek the Death Penalty Based on Aggravating Circumstances" in the first indictment. At arraignment on this first indictment on May 13, 2005, Sanders entered a plea of not guilty.

The second indictment was originally called for arraignment on June 9, 2005, but, with Sanders's agreement, the arraignment was postponed for approximately a month in order for Sanders to secure different counsel. At the call of the reset arraignment on July 18, 2005, Sanders's attorney announced that, the State not having filed a notice of intent to seek the death penalty on the charges in the second indictment, Sanders would "tender a plea of guilty" to it. The attorney then tendered to the trial court a signed indictment and a petition to enter the non-negotiated pleas, and requested the court to "sentence accordingly." The trial court questioned the State's purpose in maintaining the second or "alternative" indictment, and stayed the hearing until later that day in order to examine Sanders's petition and afford the State an opportunity to respond. At the resumption of the proceedings a short while later, the State indicated it wished to have an order of nolle prosequi entered as to the second indictment, and Sanders objected. The trial court continued the hearing until that afternoon in order to further consider the matter. When the hearing resumed, the State presented the trial court with a written motion requesting the entry of an order of nolle prosequi on the second indictment. The State cited as its basis for requesting the nolle prosequi, the fact that the second indictment was merely an alternative to the first indictment, which was pending and on which it was seeking the death penalty. Sanders objected, arguing that, under the circumstances, the trial court had no discretion to refuse his pleas, and that to do so constituted violations of due process, state statutes, and court rules. The trial court gave the parties additional time to file briefs. On August 18, 2005, the trial court entered an order of nolle prosequi as to the second indictment.

1. The State asserts that this appeal is improperly before this Court because there is no judgment subject to a direct appeal, and even if there were, this Court is not the appropriate appellate body because Sanders has not been convicted of a capital felony. This Court

---

[1] Kayla Diane Sanders was named as a co-indictee.

[2] Kayla Diane Sanders and Gerald Dwayne Sanders were named as co-indictees.

independently will consider the propriety of the appeal because it is the duty of this Court to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. *Fairclough v. State*, 276 Ga. 602, 603 (1) (581 SE2d 3) (2003).

First, inasmuch as this case involves an indictment for murder, this Court, rather than the Court of Appeals, has jurisdiction in the matter, irrespective of the fact that the judgment at issue is pre-conviction. See *In re Paul*, 270 Ga. 680, 683 (513 SE2d 219) (1999); *State v. Thornton*, 253 Ga. 524 (322 SE2d 711) (1984). So the question is whether Sanders can challenge the entry of the nolle prosequi as to the second indictment, and thereby, the trial court's implicit refusal to accept his pleas of guilt to such indictment.

It is the duty of the district attorney to determine whether it is in the public interest to recommend to the trial court that an order of nolle prosequi be entered in a case, and when there is a recommendation that such an order be entered, it is within the discretion of the trial court whether to follow the recommendation. *Broomfield v. State*, 264 Ga. 145, 147 (2) (442 SE2d 242) (1994). Further, an order of nolle prosequi may be entered without the consent of the accused at any time prior to the attachment of jeopardy. OCGA § 17-8-3; *McIntyre v. State*, 189 Ga. App. 764, 765 (1) (377 SE2d 532) (1989). However, this does not result in the defendant having no standing to seek an appeal of the nolle prosequi order. A defendant may appeal such an order as final. See *Layman v. State*, 280 Ga. 794 (631 SE2d 107) (2006); *McIntyre v. State*, supra at 764 (1), 765. The issue then is whether the nolle prosequi was entered prior to the attachment of jeopardy. *McIntyre v. State*, supra at 765 (1). And in this case, jeopardy clearly had not attached in regard to the second indictment, because the trial court did not even accept a plea to such indictment. See *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 247) (1977). Therefore, without any plea to the indictment, the entry of the nolle prosequi itself, albeit without the defendant's consent, could not be error. *McIntyre v. State*, supra at 765 (1).

2. The remaining question is whether, under the circumstances in this case, the trial court was required to accept Sanders's pleas of guilty to the second indictment. And plainly, the trial court was not required to do so.

As Sanders acknowledges, a defendant has no constitutional right to enter a guilty plea. *North Carolina v. Alford*, 400 U. S. 25, 38, n. 11 (91 SC 160, 27 LE2d 162) (1970); *Cornelius v. State*, 273 Ga. App. 806, 810 (2) (c) (616 SE2d 148) (2005); *Turley v. State*, 265 Ga. App. 385, 387 (2) (593 SE2d 916) (2004). Nevertheless, a state may by statute or otherwise confer such a right. *North Carolina v. Alford*, 400 U. S. 25, 38, n. 11. Sanders maintains that Georgia has established such a right by statute and the Uniform Superior Court Rules.

Sanders first argues that OCGA § 17-7-93[3] confers a right upon a defendant to plead guilty. But that is hardly the case. What it does do is provide the sequence of events in the arraignment process. As this Court stated in regard to Code Ann. § 27-1404, the predecessor to OCGA § 17-7-93,

> [a] plea of guilty is but a confession of guilt in open court and a waiver of trial. . . . [I]t ought to be scanned with care and received with caution. The judge is not bound to receive such a plea at all, and in capital cases frequently declines to do so.

(Punctuation omitted.) *Pass v. State*, 227 Ga. 730 (2) (182 SE2d 779) (1971). See also *Head v. State*, 262 Ga. 795, 796 (2) (426 SE2d 547) (1993). The provisions of OCGA § 17-7-93 did not require the trial court to accept Sanders's pleas.

Sanders also points to OCGA § 17-10-32.1[4] as providing a statutory right to plead guilty. But Sanders misreads this statute too. The statute describes the duties of the judge in sentencing a person who is subject to the death penalty or life without parole upon a plea of

---

[3] OCGA § 17-7-93 states:

(a) Upon the arraignment of a person accused of committing a crime, the indictment or accusation shall be read to him and he shall be required to answer whether he is guilty or not guilty of the offense charged, which answer or plea shall be made orally by the accused person or his counsel.

(b) If the person pleads "guilty," the plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce the judgment of the law upon the person in the same manner as if he had been convicted of the offense by the verdict of a jury. At any time before judgment is pronounced, the accused person may withdraw the plea of "guilty" and plead "not guilty"; and the former plea shall not be admissible as evidence against him at his trial.

(c) In addition to any other inquiry by the court prior to acceptance of a plea of guilty, the court shall determine whether the defendant is freely entering the plea with an understanding that if he or she is not a citizen of the United States, then the plea may have an impact on his or her immigration status. This subsection shall apply with respect to acceptance of any plea of guilty to any state offense in any court of this state or any political subdivision of this state.

[4] In his brief, Sanders continually cites OCGA § 17-10-31.1; however, the language upon which he relies appears in OCGA § 17-10-32.1 which provides:

(a) Subject to the provisions of subsection (b) of this Code section, any person who has been indicted for an offense for which the death penalty or life without parole may be imposed may enter a plea of guilty at any time after indictment, and the judge of the superior court having jurisdiction may, in the judge's discretion, sentence the person to life imprisonment or to any other punishment authorized by law for the offense named in the indictment.

(b) Unless the district attorney has given notice that the state intends to seek the death penalty pursuant to the Uniform Rules of the Superior Courts, the judge shall sentence the defendant to life imprisonment. In cases where such notice has been given, the judge may sentence the defendant to death or life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30.

guilty. It states that in such cases, a person "may" enter a plea of guilty at any time after indictment, and that the judge "may," in the judge's discretion, sentence the person to life imprisonment or other authorized punishment for the indicted offense. Here again, there is no mandate that the judge accept a guilty plea. *McCorquodale v. State*, 233 Ga. 369, 374 (3) (211 SE2d 577) (1974), citing *Massey v. State*, 220 Ga. 883, 889 (1) (142 SE2d 832) (1965), which addressed similar language in former Code Ann. § 27-2528.

Finally, there is no merit to Sanders's bare assertion that Uniform Superior Court Rules 30.2,[5] 33.1,[6] and 33.10[7] create a "legal right" to plead guilty. USCR 30.2 merely provides the procedure for the call for arraignment. As to USCR 33.1 and 33.10, the fact that they do not expressly address pleas of guilty does not create any implicit rights with regard to such pleas.

*Judgment affirmed. All the Justices concur.*

---

[5] USCR 30.2 provides:

Before arraignment the court shall inquire whether the accused is represented by counsel and, if not, inquire into the defendant's desires and financial circumstances. If the defendant desires an attorney and is indigent, the court shall authorize the immediate appointment of counsel.

Upon the call of a case for arraignment, unless continued for good cause, the accused, or the attorney for the accused, shall answer whether the accused pleads "guilty," "not guilty" or desires to enter a plea of nolo contendere to the offense or offenses charged; a plea of not guilty shall constitute the joining of the issue.

Upon arraignment, the attorney, if any, who announces for or on behalf of an accused, or who is entered as counsel of record, shall represent the accused in that case throughout the trial, unless other counsel and the defendant notify the judge prior to trial that such other counsel represents the accused and is ready to proceed, or counsel is otherwise relieved by the judge.

[6] USCR 33.1 states:

(A) A defendant may plead guilty, not guilty, or in the discretion of the judge, nolo contendere. A plea of guilty or nolo contendere should be received only from the defendant personally in open court, except when the defendant is a corporation, in which case the plea may be entered by counsel or a corporate officer.

(B) A defendant may plead nolo contendere only with the consent of the judge. Such a plea should be accepted by the judge only after due consideration of the views of the parties and the interest of the public in the effective administration of justice. Procedurally, a plea of nolo contendere should be handled under these rules in a manner similar to a plea of guilty. [In State Court, see State Court Rule 33.1.]

[7] USCR 33.10 states:

If the trial court intends to reject the plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement; (2) the trial court intends to reject the plea agreement presently before it; (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement; and (4) that the defendant may then withdraw his or her guilty plea as a matter of right. If the plea is not then withdrawn, sentence may be pronounced.

Decided June 12, 2006 —
Reconsideration denied July 14, 2006.

*Chandler, Britt, Jay & Beck, Walter M. Britt,* for appellant.
*Daniel J. Porter, District Attorney, Peter H. Boehm, John A. Steakley, Assistant District Attorneys,* for appellee.