**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 26, 2013**

# In the Court of Appeals of Georgia

A12A1731. SHANE v. THE STATE.                    BA-066C

BARNES, Presiding Judge.

James Edward Shane appeals the trial court's grant of an entry of nolle prosequi, arguing that the trial court erred in failing to grant his motion to quash the indictment against him instead. Because we find no abuse of discretion, we affirm.

Shane was indicted on four counts of aggravated child molestation and two counts of child molestation. The indictment alleged that he committed the criminal acts between June 1, 2010 and May 25, 2011, and Shane moved to quash it, arguing that the State was capable of narrowing the date range but had made no effort to do so. At a hearing on the motion to quash, the State conceded that Shane had been incarcerated for several months during this time period and stated that a grand jury had reindicted Shane that morning with a narrower date range. The State asked the

court not to rule immediately on the motion to quash and allow it instead to present a nolle prosequi that afternoon or the next day, so that Shane would not be released from bond. The State also noted that if the court quashed the indictment and a problem arose to cause the second indictment also to be quashed, the State would be unable to reindict Shane. Later that day, the trial court consented to the entry of nolle prosequi "based on the language of *Layman v. State*, 280 Ga. 794 [631 SE2d 107] (2006) since there is no allegation or evidence of abuse by the State."

Shane argues that under *State v. Dempsey*, 290 Ga. 763 (727 SE2d 670) (2012), the trial court should have granted his meritorious motion to quash instead of consenting to the entry of a nolle prosequi. In *Dempsey*, the trial court denied the defendant's motion to quash because it was not filed before the indictment was returned, and did not show that he was without actual or constructive knowledge that the grand jury was composed illegally. Id. at 765. The State reindicted Dempsey and moved for an order of nolle prosequi on the first indictment. Id. The trial court consented to the nolle prosequi, then Dempsey successfully moved to quash the second indictment. Id. He appealed the trial court's denial of his first motion to quash because if it had been granted, upon the grant of the second motion to quash, the State

2

could not have reindicted him a third time under OCGA § 17-7-53.1.[1] The Supreme Court agreed with Dempsey on appeal that the trial court should have granted his motion to quash the first indictment because that grand jury had been illegally composed, and under OCGA § 17-7-110,[2] the motion had been timely filed. Id. at 766.

In this case, Shane argues that the trial court erred in failing to grant his motion to quash and instead allowing the State to enter a nolle prosequi, because "if an indictment alleges that a crime occurred between two particular dates, and if evidence presented to the trial court shows that the State can reasonably narrow the range of dates during which the crime is alleged to have occurred, the indictment is subject to a special demurrer." *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005). But the Supreme Court reversed the trial court in *Dempsey* because the trial court made a legal error when it denied the motion to quash based on when the motion was filed.

[1]Pursuant to OCGA § 17-7-53.1, "If, upon the return of two 'true bills' of indictments . . . by a grand jury on the same offense,. . . the indictments . . . are quashed for the second time, . . . such actions shall be a bar to any future prosecution of such defendant for the offense...."

[2]"All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."

Here, the trial court made no legal error, but simply deferred ruling on the motion until the State submitted its nolle prosequi order.

"The trial court has discretion to order the entry of a nolle prosequi, instead of quashing the indictment, to avoid the application of OCGA § 17-7-53.1." *State v. Lejeune*, 276 Ga. 179, 184 (4) (576 SE2d 888) (2003). The fact that Shane's motion to quash was pending when the nolle prosequi was entered "does not change the analysis." *Layman v. State*, 280 Ga. 794, 795 (631 SE2d 107) (2006). Accordingly, the trial court did not abuse its discretion in this case.

*Judgment affirmed. McFadden and McMillian, JJ., concur.*