**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**May 10, 2013**

# In the Court of Appeals of Georgia

A13A0624. FUNK v. THE STATE.

MILLER, Judge.

Following his third indictment for the same charges, Adam Funk appeals from the trial court's denial of his plea in abatement, contending that the trial court's approval of two nolle prosequis by the State of his two previous indictments precluded subsequent prosecution for the same offenses pursuant to OCGA § 17-7-53.1. We disagree.

That statute provides that

[i]f, upon the return of two "true bills" of indictment or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to

any future prosecution of such defendant for the offense, charge, or allegation.

The following facts are not disputed. On November 15, 2011, the Decatur County grand jury returned Indictment No. 11CR00217 charging Funk with forgery in the first degree and criminal attempt to fraudulently obtain a controlled substance. Funk filed his demurrer on November 22 , and the State filed its nolle prosequi prior to the trial court's ruling on the demurrer. The trial court approved the nolle prosequi on December 5, 2011. On January 31, 2012, the grand jury returned Indictment No. 12CR0014 recharging these offenses. On March 15th, Funk filed his demurrer to this indictment, which had not yet been ruled upon when the State filed its nolle prosequi, approved by the trial court on May 2, 2012. On July 21, 2012, the grand jury returned Indictment No. 12CR00189 recharging these offenses. Funk then filed his plea in abatement.

This case is factually similar to and controlled by *Layman v. State*, 280 Ga. 794 (631 SE2d 107) (2006). There, as here, the trial court approved entry of nolle prosequi on two indictments, to each of which Layman had demurred. Id. Layman argued that the State should not be allowed to use entry of nolle prosequi to avoid application of OCGA § 17-7-53.1. Id. at 795. As noted by the Supreme Court, OCGA

2

§ 17-8-3 provides that before a case is submitted to a jury, "the prosecuting attorney may enter a nolle prosequi with the consent of the court." Id. at 795, fn. 2. The Supreme Court concluded that the fact that Layman's motion to quash was pending at the time of the entry of the nolle prosequi did not change its analysis. *Layman*, supra 280 Ga. at 795. "As this court stated in *State v. Lejeune*, [276 Ga. 179, 184 (4) (576 SE2d 888) (2003)] '[t]he trial court has discretion to order the entry of a nolle prosequi, instead of quashing the indictment, to avoid application of OCGA § 17-7-53.1." (Citation and punctuation omitted.) *Layman*, supra 280 Ga. at 795. See also *Shane v. State*, ___ Ga. App. ___ (Case No. A12A1731, issued February 26, 2013).

Therefore, there was no error in the trial court's denial of Funk's plea in abatement.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*