**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 12, 2013**

# In the Court of Appeals of Georgia

A13A1200. BLANTON v. THE STATE.                    JE-046C

ELLINGTON, Presiding Judge.

After the State indicted him for multiple counts of incest and child molestation, Dean Blanton filed a plea of former jeopardy and a motion to dismiss the indictment. He appeals from the trial court's denial of the motion, contending that prosecution on the indictment is barred because the State charged him with the same offenses in two previous indictments. He also contends, in the alternative, that the court erred in denying his special demurrer to the most recent indictment, arguing that the State failed to show that it was unable to identify specific dates, or reasonably narrow the ranges of dates, during which he allegedly committed the offenses. For the following reasons, we affirm.

The record shows the following undisputed, relevant facts. In October 2010, the Lowndes County Grand Jury returned an indictment (hereinafter, "the first indictment") charging Blanton with two counts of incest, three counts of child molestation, and one count of making a terroristic threat. The indictment alleged that Blanton committed acts of incest involving the older of his two daughters "on or about the 1st day of May, 2008 and the 30th day of April, 2010, the exact date and time unknown to the Grand Jury, but known to the accused[.]" It charged him with committing child molestation against his younger daughter "on or about the 1st day of May, 2008 and the 13th day of December 2009, the exact date and time unknown to the Grand Jury, but known to the accused[.]" Blanton filed general and special demurrers to the indictment, and, although the court denied the demurrers, the State decided to obtain a new indictment in order to narrow the ranges of dates alleged in the child molestation counts.

In April 2011, the State re-indicted Blanton for the same crimes ("the second indictment"); the only substantive changes to the allegations were that the acts of child molestation occurred "on or about the 1st day of June, 2008 and the 1st day of February, 2009[.]" Blanton again filed a special demurrer asserting that the court should quash the incest and child molestation charges because the State had failed to

2

identify the specific dates (or, at least, to sufficiently narrow the ranges of dates) during which the offenses allegedly occurred.[1] During a hearing on the demurrer ("the June 2011 hearing"), the State argued that it was unable to identify the actual dates of the offenses and, in support of this argument, it presented the testimony of a police detective who had interviewed the incest victim and the victims' mother and had observed the forensic interview of the child molestation victim. Following the hearing, the court ruled that the State had met its burden of demonstrating that it had tried to narrow the ranges of dates given in the indictment and that, under the circumstances presented, it had been unable to do so. As a result, it denied Blanton's special demurrer.[2]

Then, during an April 2012 motion hearing, Blanton raised a new challenge to the second indictment, arguing that it was defective because the range of dates identified in each count did not include the word "between," for example, "*between* the 1st day of May, 2008 and the 30th day of April, 2010." He argued that, as drafted,

---

[1] Blanton also moved to sever the terroristic threat charge, and the court granted that motion.

[2] Although the trial court issued a certificate of immediate review, Blanton did not file an application for interlocutory review but, instead, filed a direct appeal, which this Court dismissed based upon lack of jurisdiction.

each count alleged that the offense at issue occurred "on or about" two distinct and separate dates. The trial court found that Blanton's argument had merit, so it gave the State two options as to how to proceed: the court could dismiss the indictment and the State could re-indict Blanton, or the court could overrule the special demurrer and the State could proceed to trial with the risk that the indictment could later be deemed defective.

The State decided to re-indict Blanton, and, on April 27, 2012, it filed another indictment ("the third indictment") in which it had added the word "between" to each of the counts in reference to the range of dates; this was the only difference between the second and third indictments. Blanton filed, inter alia, a special demurrer to the third indictment, again arguing that the ranges of dates given in the indictment were unreasonably broad, as well as a plea of former jeopardy and a motion to dismiss. The court denied Blanton's motions,[3] and, pursuant to the grant of a motion for an out-of-time appeal, Blanton filed a notice of appeal in November 2012. Then, on December

---

[3] During a June 2012 hearing on the motions, the trial court stated that, in deciding the special demurrer, it would rely on the transcript of the police detective's testimony from the June 2011 hearing about his efforts to identify the specific dates of the offenses. See Division 2 (a), infra, regarding this testimony.

4

11, 2012, the trial court granted the State's motion to enter an order of nolle prosequi as to the first indictment,[4] and issued an order quashing the second indictment.

1. On appeal, Blanton contends that the trial court erred in denying his plea of former jeopardy and motion for judgment of acquittal, pursuant to OCGA § 17-7-53.1.[5] The court denied the motions based upon its conclusion that OCGA § 17-7-53.1 did not bar his prosecution on the third indictment because, at the time of its ruling, neither the first nor the second indictment had been quashed.

OCGA § 17-7-53.1 provides as follows:

If, upon the return of two "true bills" of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to

---

[4] We note that "[t]he filing of the notice of appeal did not divest the trial court of jurisdiction to entertain and grant the State's petition for a nolle prosequi order." (Citations omitted.) *State v. Lejeune*, 276 Ga. 179, 185 (4) (576 SE2d 888) (2003).

Further, we note that Blanton's brief refers to a "companion" appeal to the instant appeal in which he challenges the entry of the nolle prosequi as to the first indictment. However, no such appeal has been docketed in this Court.

[5] "The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation and footnote omitted.) *Johns v. State*, 319 Ga. App. 718, 719 (738 SE2d 304) (2013).

any future prosecution of such defendant for the offense, charge, or allegation.

This statute "specifies that the bar to further prosecution intervenes after a second quashing" and "refers only to action on a matter initiated by the defendant or the court, but not the State." *Redding v. State*, 205 Ga. App. 613, 614 (2) (423 SE2d 10) (1992). Unlike a court's order quashing an indictment, a motion to enter a "nolle prosequi" is a formal action made by the State based upon its decision not to further prosecute that indictment. Id. "It is the prerogative only of the State, which may enter it with court approval," pursuant to OCGA § 17-8-3.[6] (Citations omitted.) Id. at 614-615 (2).

Thus, this Court has ruled that to disregard the plain language of OCGA § 17-7-53.1 that limits its application to cases in which two previous indictments have been "quashed" as a result of some action *initiated by the defendant or the court*

_____

[6] OCGA § 17-8-3 provides, in relevant part, that, "[a]fter an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court." "It is the duty of the district attorney to determine whether it is in the public interest to recommend to the trial court that an order of nolle prosequi be entered in a case, and when there is a recommendation that such an order be entered, it is within the discretion of the trial court whether to follow the recommendation." (Citation omitted.) *Sanders v. State*, 280 Ga. 780, 782 (1) (631 SE2d 344) (2006).

6

would "render such language meaningless. A statute is to be interpreted so as to give meaning to its entire content rather than to find parts to be surplusage. It follows that entries of nolle prosequi do not trigger the bar to prosecution in OCGA § 17-7-53.1." (Citation omitted.) *Redding v. State*, 205 Ga. App. at 615 (2). See also *State v. Lejeune*, 276 Ga. 179, 184 (4) (576 SE2d 888) (2003) ("Nothing in [OCGA] § 17-7-53.1 evidences an intent [by the General Assembly] to include actions initiated by the State in the enumerated matters giving rise to application of the statutory bar to future prosecution.").

Blanton argues, however, that the trial court abused its discretion in allowing the State to enter a nolle prosequi to the first indictment, because he had moved to quash the indictment and, more importantly, because the entry of a nolle prosequi (instead of an order quashing the first indictment) rendered OCGA § 17-7-53.1 inapplicable and disabled the statute's bar to his prosecution on the third indictment.[7]

---

[7] Although Blanton suggests that the State acted improperly by failing to timely dismiss the first two indictments, he failed to raise this issue in the court below. Further, while Blanton states that he filed a special demurrer and motion to dismiss the first and second indictments and that the trial court conducted a hearing on the motion on December 10, 2012, before it allowed the State to enter a nolle prosequi as to the first indictment and before it quashed the second indictment, the record does not contain any reference to the motion hearing or a hearing transcript. Thus, Blanton has failed to show by the record that the State's conduct was improper. See *Layman v. State*, 280 Ga. 794, 795, n. 4 (631 SE2d 107) (2006) (finding that there had been

The Supreme Court of Georgia, however, has already addressed and decided a similar argument adversely to Blanton in *Layman v. State*, 280 Ga. 794 (631 SE2d 107) (2006). In *Layman*, the trial court approved the State's requests for the entry of orders of nolle prosequi on two indictments, even though Layman had moved to quash each of them and had objected to the State's requests. Id. On appeal, Layman argued that the trial court had abused its discretion by entering the orders of nolle prosequi over his objection. Id. The Court ruled, however, that, under OCGA § 17-8-3, the State does not need a defendant's consent to obtain an order of nolle prosequi before the case has been submitted to a jury and that the entry of such orders renders the motions to quash moot. Id. at 794-795. More importantly, the Supreme Court also reiterated that "the trial court has discretion to order the entry of a nolle prosequi, instead of quashing the indictment, to avoid the application of OCGA § 17-7-53.1." (Punctuation and footnote omitted.) Id. at 795, quoting *State v. Lejeune*, 276 Ga. at 184 (4). See also *Funk v. State*, 321 Ga. App. 737, 738 (742 SE2d 766) (2013) (accord); *Shane v. State*, 320 Ga. App. 1, 2 (739 SE2d 9) (2013) (accord).

---

no allegations of abusive conduct or harassment by the State and that the dispute over the indictment at issue on appeal instead stemmed from the defendant's claim that the State had failed to sufficiently specify the date on which the alleged crime occurred).

Accordingly, we find no abuse of discretion by the trial court in granting the nolle prosequi as to the first indictment, nor did the court err in denying Blanton's plea of former jeopardy and motion to dismiss the third indictment. *Layman v. State*, 280 Ga. at 795; *Funk v. State*, 321 Ga. App. at 738; *Shane v. State*, 320 Ga. App. at 2; *Redding v. State*, 205 Ga. App. at 614-615 (2).[8]

2. Blanton contends that the trial court erred in denying his special demurrer to the third indictment, arguing that the State failed to demonstrate that it was unable to narrow the range of dates identified in each count of the indictment.

> In reviewing a ruling on a special demurrer, we apply a de novo standard of review, because it is a question of law whether the allegations in the indictment are legally sufficient. Further, because we are reviewing an indictment before any trial, we do not conduct a harmless error analysis to determine if the defendant has actually been prejudiced by the alleged

---

[8] See also *Gamble v. State*, 235 Ga. App. 777, 778-779 (2) (510 SE2d 69) (1998) (This Court refused to extend the protection from further prosecution that OCGA § 17-7-53.1 provides to a situation in which the State filed a second indictment before it moved for entry of a nolle prosequi on the first indictment.); cf. *State v. Dempsey*, 290 Ga. 763, 764-766 (1) (727 SE2d 670) (2012) (The trial court denied the defendant's motion to quash based upon its finding that the motion was untimely. Even so, the State re-indicted the defendant, and the court granted its motion to enter an order of nolle prosequi as to the first indictment. On appeal, the Supreme Court ruled that the trial court erred in finding that the motion to quash was untimely and that, because the first indictment was void due to the illegal composition of the grand jury, the court erred in denying the motion to quash.).

deficiencies in the indictment; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.

(Citations and punctuation omitted.) *State v. Corhen*, 306 Ga. App. 495, 497-498 (700 SE2d 912) (2010).

Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer.[9] However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates.

(Footnotes omitted.) *State v. Layman*, 279 Ga. 340, 340-341 (613 SE2d 639) (2005). In such a situation, though, "the range of dates alleged in the indictment should not be unreasonably broad." *Mosby v. State*, 319 Ga. App. 642, 643 (1) (738 SE2d 98) (2013).

In meeting its burden of showing that it is unable either to identify a specific date on which an offense occurred or to narrow the range of possible dates, the State is required to present some evidence and may not rely solely upon argument by

---

[9] See OCGA § 17-7-54 (a) (requiring that an indictment "state with sufficient certainty the offense and the time and place of committing the same[.]").

counsel or mere speculation. *Mosby v. State*, 319 Ga. App. at 643-644 (1); *Blackmon v. State*, 272 Ga. App. 854, 854-855 (614 SE2d 118) (2005); *State v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001). If the State fails to meet this evidentiary burden, or if the evidence presented demonstrates that the State is, in fact, reasonably capable of narrowing the range of dates alleged in the indictment, the indictment is subject to a special demurrer. *State v. Layman*, 279 Ga. at 340-341; *Mosby v. State*, 319 Ga. App. at 643 (1); see *Howard v. State*, 281 Ga. App. 797, 798-799 (1) (637 SE2d 448) (2006) ("Where the State's own evidence shows that the State reasonably could narrow the range of dates, a special demurrer should be granted.") (citation omitted).

(a) *The incest charges in Counts 1 and 2*. As shown above, the State alleged that Blanton engaged in two counts of incest with his older daughter "between the 1st day of May, 2008, and the 30th day of April, 2010, the exact date of the offense being unknown to the Grand Jury, but known to the accused[.]" Count 1 alleged that he committed incest by having sexual intercourse with the victim, while Count 2 alleged that he committed incest by engaging in oral sodomy with the victim.

To show that it was unable to identify specific dates, or to narrow the ranges of dates, during which Blanton allegedly committed these offenses, the State

11

presented the testimony of the police detective who had investigated the crimes.[10] The

detective testified that he had interviewed the incest victim and that she had told him

that the first incident occurred in late May or early June 2008, at the end of her senior

year of high school.[11] She and Blanton were alone on a car trip to Georgia; they were

moving some of their family's belongings from their home in Florida to their new

home in Lowndes County. Blanton committed the first act of incest on the first night

[10] During the June 2012 hearing on Blanton's special demurrer to the third indictment, the trial court stated that it would consider the detective's testimony from the June 2011 hearing to determine whether the State could have narrowed the ranges of dates. Although Blanton expressly consented to the court adopting and considering the detective's testimony from the previous hearing, he argued that the testimony was insufficient to meet the State's burden because it was based upon hearsay. Blanton, however, failed to raise a hearsay objection to the testimony when it was originally offered and, therefore, he waived any hearsay objection. See *Davis v. Phoebe Putney Health System*, 280 Ga. App. 505, 506 (1) (634 SE2d 452) (2006) ("A party cannot participate and acquiesce in a trial court's procedure and then complain of it.") (citation omitted); *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.") (footnote omitted).

Moreover, although Blanton's brief continues to refer to the detective's testimony as hearsay, he has abandoned any potential claim of error arising from the court's consideration of that evidence by failing to cite to authority that supports such a claim. See Court of Appeals Rule 25 (c) (2).

[11] The detective also reviewed written statements about the incidents that the victim had provided to the Sheriff's Department; the time periods she provided in her written statements were consistent with her interview statements.

12

that he and the victim stayed in the new home. The victim also reported that Blanton made her perform oral sex on him sometime during the summer of 2008. In addition to these incidents, the victim reported that Blanton engaged in incestuous acts with her approximately 50 more times throughout the two years alleged in the indictment, although the victim was unable to identify the dates of any specific incidents. She knew, however, that the last possible date that the incest could have occurred was May 7, 2010, because that was when her mother, who had been attending nursing school in Florida, moved back to Georgia to rejoin the rest of the family. The detective testified that, in an effort to get more specific dates, he asked the victim if she remembered whether any of the incidents had occurred around birthdays or other memorable dates or if she had written about any of the incidents in a diary or on a calendar, and she responded that she did not.[12]

Blanton argues that the evidence presented demonstrates that the State could have narrowed the two-year time periods identified in Counts 1 and 2 of the indictment to between May 1 and July 31, 2008, and between December 1, 2009 and January 31, 2010, because there was evidence that he had engaged in sexual

---

[12] After hearing the detective's testimony, the trial court found that "the State has reasonably narrowed the possible dates as much as it could . . . under the circumstances."

13

intercourse and/or oral sodomy with his older daughter during these time periods. In fact, on appeal, Blanton suggests that these are the *only* time periods during which the acts allegedly occurred and, therefore, the indictment should have been limited to these ranges of dates.

In support of this argument, Blanton relies solely on this Court's ruling in *Howard v. State*, 281 Ga. App. at 798-799 (1). Our ruling in *Howard*, however, is inapplicable here because the material facts upon which that ruling was based are clearly distinguishable from those in this case. In *Howard*, the indictment alleged that the defendant committed acts of sexual misconduct against the victim between November 5, 2002, and February 28, 2003. Id. at 798 (1). At the hearing on the special demurrer, the State *presented no evidence*; instead, it simply told the trial court that it could not identify more specific dates. Id. During a similar transaction hearing that took place later that day, however, the State called the victim as a witness, and she testified that the acts of sexual misconduct alleged in the indictment *only occurred during the latter half of February 2003*. Id. As a result, this Court concluded that, because the State's own evidence showed that it could have narrowed

14

the range of dates in the indictment, the special demurrer should have been granted.[13]

Id. at 798-799 (1).

In contrast, as shown above, the evidence in this case showed that Blanton had engaged in at least 50 individual acts of incest with his older daughter *throughout the two-year time period* alleged in the indictment, not just during the months Blanton identifies in his brief.

Consequently, we conclude that Blanton has failed to demonstrate that the trial court erred in denying his special demurrer to Counts 1 and 2 of the indictment. Cf. *Mosby v. State*, 319 Ga. App. at 643-644 (1) (The trial court erred in denying the defendant's special demurrer because the State failed to present any evidence to show

_____

[13] Despite this conclusion, this Court ruled that, because we were not reviewing a pre-trial interlocutory appeal of the trial court's denial of a special demurrer, but were, instead, reviewing a post-conviction appeal of the ruling, a harmless error standard of review applied. *Howard v. State*, 281 Ga. App. at 799 (1). Under that standard, "the relevant inquiry is whether the failure to narrow the range of dates alleged in the indictment materially affected [the defendant's] ability to present a defense." (Citation and punctuation omitted.) Id. This Court found that the defendant failed to demonstrate that narrowing the dates in the indictment would have enabled him to present an alibi defense. Id. Moreover, the victim's testimony at the pre-trial similar transaction hearing gave the defendant "clear notice" of the February 2003 time frame in which the misconduct allegedly occurred. Id. Thus, we ruled that, "[w]here the defendant was aware of the correct information (though misstated in the indictment), the error in the indictment is manifestly harmless." (Citation omitted.) Id.

that it was unable to more specifically identify the dates of the alleged crimes.); *State v. Meeks*, 309 Ga. App. 855, 858 (1) (711 SE2d 403) (2011) (The trial court did not err in sustaining the defendant's special demurrer when the record showed that the State gave no explanation as to why an investigating officer failed to ascertain the dates the offenses allegedly occurred.).

(b) *The child molestation charges in Counts 3 through 5.* The State indicted Blanton for committing three acts of child molestation against his younger daughter "between the 1st day of June, 2008, and the 1st day of February, 2009, the exact date of the offense being unknown to the Grand Jury, but known to the accused[.]" According to the police detective, the 15-year-old victim moved from Florida to the family's home in Lowndes County in June 2008, after she finished her school year on June 8. She lived in Lowndes County until February 2, 2009, when she moved back to Florida, where her mother was then living. According to the victim, Blanton committed acts of child molestation against her on a regular basis throughout that eight-month period, although she could not provide any specific dates. There is no evidence that the victim had written about any of the acts in a diary or on a calendar.

On appeal, the only cognizable challenge to Counts 3 through 5 that Blanton asserts is his contention that the victim may have turned sixteen years old at some

16

point during the eight-month range of dates identified in each count and that, as a result, any act of molestation that he committed after she reached the age of sixteen was not punishable under OCGA § 16-6-4 (a) (1).[14] Blanton has failed, however, to cite to any evidence in the record establishing the victim's date of birth. Further, Blanton did not challenge the indictment on this basis in his special demurrer or the hearings thereon. In fact, in his special demurrer, he stated that the victim was "almost sixteen (16) years of age when [the indicted] acts allegedly happened[,]" and, during the June 2011 hearing, Blanton stated that the victim was "14 and 15 [years old] when [these acts] occurred." Thus, Blanton has failed to demonstrate that he was entitled to a special demurrer on this basis.

Accordingly, because the record supports the trial court's conclusion that the State was unable to narrow the range of dates during which Blanton allegedly molested his younger daughter, we find no error in its denial of his special demurrer as to Counts 3, 4, and 5 of the indictment. See *Arnold v. State*, 305 Ga. App. 45, 48-49 (2) (699 SE2d 77) (2010) (The trial court did not err in denying the defendant's

---

[14] Under OCGA § 16-6-4 (a) (1), "[a] person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child *under the age of 16 years* with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" (Emphasis supplied.)

17

special demurrer, because evidence showed that the victim was a minor at the time defendant molested her, that she could not recall specifically when the molestation occurred, that she did not keep a diary or calendar that might aid her memory, and that the molestation occurred on at least a weekly basis during the three-year period alleged in the indictment.).

*Judgment affirmed. Phipps, C. J., and Branch, J., concur.*