**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 14, 2023**

# In the Court of Appeals of Georgia

A23A1377. GRAHAM v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Victor Graham was convicted of incest and statutory rape. His sole argument on appeal is that he received ineffective assistance of trial counsel. Because Graham has not shown that he was prejudiced by any deficient performance, we affirm.

1. Facts

Because Graham's sole argument is ineffective assistance of trial counsel, we limit our recitation of facts to the evidence at trial presented that is relevant to that argument. See Hardy v State, __ Ga. __, __ (I) (__ SE2d __) (2023) (Case No. S23A0443, decided Oct. 24, 2023) (involving only claims for ineffective assistance). During the summer of 2007, Graham's 14-year-old biological daughter, S. G., lived with him. That fall, S. G. learned she was pregnant

and on March 4, 2008, S. G. gave birth to a child. A DNA test indicated that Graham was the father of S. G.'s child.

2. Procedural history and post-conviction delay

The state charged Graham with the offenses of rape, statutory rape, and incest. The trial court granted Graham a directed verdict as to rape, and the jury found Graham guilty of the other two offenses.

Graham moved for a new trial in June 2009. Twelve years later, after obtaining new post-conviction counsel, Graham amended that motion in June 2021 to add claims of ineffective assistance of trial counsel. The trial court denied Graham's amended motion for new trial and, because the trial court failed to notify the parties of that ruling, the trial court granted Graham's motion for an out-of-time appeal.

But while that appeal was pending, our Supreme Court "determined that trial courts lack jurisdiction to grant motions for an out-of-time appeal." Graham v. State, 366 Ga. App. 626 (884 SE2d 32) (2023). So we vacated the order granting the out-of-time appeal and remanded the case to the trial court. Id. at 628. We noted that Graham was "not foreclosed from filing 'a motion to set aside' the order denying his motion for new trial, after which, should the trial court grant the motion and re-enter the judgment, 'the 30-day period would begin to run again.'" Id. at 628 n. 1 (quoting Moore v. State, 308 Ga. 556, 557 (2) (842

SE2d 65) (2020)). On remand, the trial court set aside and re-entered the ruling denying Graham's motion for new trial, and this timely appeal followed.

Consequently, there has been a 14-year delay between Graham's 2009 conviction and the 2023 motion-for-new-trial ruling that is the subject of this appeal. As our Supreme Court has done,

> we remind the bench and bar that long post-conviction delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial, and we reiterate that it is the duty of all those involved in the criminal justice system to ensure that the appropriate post-convictions motions are filed, litigated, and decided without unnecessary delay.

Kinlaw v. State, __ Ga. __, __ n. 1 (__ SE2d __) (Case No. S23A0547, decided Oct. 11, 2023) (citation and punctuation omitted).

3. Ineffective assistance of counsel

On appeal, Graham argues that his trial counsel provided ineffective assistance. To prevail on this claim, Graham "must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to [him]." Hardy, __ Ga. at __ (2) (citation and punctuation omitted).

> If an appellant fails to meet his or her burden of proving either prong of [this] test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and

credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

Pritchett v. State, 314 Ga. 767, 780-781 (3) (879 SE2d 436) (2022) (citations and punctuation omitted).

In his order, the trial court denied Graham's motion for new trial on the ground that Graham had not shown prejudice, although the trial court also made findings regarding deficiency "for purposes of the record. . . ." As detailed below, we agree with the trial court that Graham has not met his burden of proving prejudice. So we do not address whether or not trial counsel performed deficiently in any respect.

"To satisfy the prejudice prong, a defendant must establish a reasonable probability that, in the absence of counsel's [alleged] deficient performance, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. This burden is a heavy one." Hardy, __ Ga. at __ (2) (citations and punctuation omitted).

(a) Graham has not shown prejudice as to any of the alleged instances of deficient performance by trial counsel

Graham alleges that his trial counsel was deficient because she failed to meet with him enough times in person. Trial counsel testified, and the trial court found, that although trial

4

counsel and Graham met in person only three times, trial counsel communicated with Graham through correspondence and family members. "There exists no magic amount of time which counsel must spend in actual conference with [her] client[.]" Morrison v. State, 303 Ga. 120, 125 (5) (a) (810 SE2d 508) (2018) (citation and punctuation omitted). Given the strong evidence that Graham committed the offenses of incest and statutory rape — namely DNA evidence that Graham was the father of the child born to Graham's daughter when the girl was under the age of 16 — Graham has not met his burden of showing that, had his trial counsel met with him in person more often, there was a reasonable probability that the outcome of his trial would have been different. See Warren v. State, 314 Ga. 598, 603 (2) (a) (878 SE2d 438) (2022) (finding no reasonable probability that trial counsel's deficiency affected the outcome of the trial where the evidence of the defendant's guilt, which included DNA evidence, was strong). See also OCGA § 16-6-3 (a) ("A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse[.]"); OCGA § 16-6-22 (a) ("A person commits the offense of incest when such person engages in sexual intercourse . . . with a person whom he or she knows he or she is related to either by blood or marriage as follows: (1) Father and child. . . .").

Graham alleges that his trial counsel was deficient in failing to seek a continuance in order to secure the testimony of two defense witnesses, who he asserts would have testified that they lived with Graham during the time when he allegedly impregnated S. G. and observed no sexual activity between them. (Only one of the two witnesses testified at the hearing on the motion for new trial; the other was unavailable for medical reasons. ) Again, given the strong evidence of Graham's guilt, he has not met his burden of showing that, had these witnesses testified to that effect, there was a reasonable probability that the outcome of the trial would have been different.

Graham alleges that his trial counsel was deficient in failing to discuss a plea deal with him or negotiate that deal with the state. Trial counsel testified, and the trial court found, that she communicated a plea offer to Graham in writing. She testified that she explained to Graham the risks of going to trial but did not pursue the issue further because Graham was adamant that he did not want to plead guilty. Graham did not testify at the motion-for-new-trial hearing or present other evidence that he would have accepted a plea deal. He has not met his burden of "showing that, but for trial counsel's alleged failures in this regard, he would have accepted the [s]tate's plea offer and that the trial court would have accepted its terms or, alternatively, that the [s]tate and trial court would have accepted the terms of [a] counteroffer."

Calhoun v. State, 308 Ga. 146, 154 (2) (d) (839 SE2d 612) (2020) (punctuation and footnote omitted).

Finally, Graham alleges that his trial counsel was deficient in failing to file a special demurrer requiring the state to more precisely specify the dates on which the crimes allegedly occurred. See State v. Layman, 279 Ga. 340, 340-341 (613 SE2d 639) (2005) ("Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. However, where the [s]tate can show that the evidence does not permit it to allege a specific date on which the offense occurred, the [s]tate is permitted to allege that the crime occurred between two particular dates.") (citations and punctuation omitted). The indictment alleged that Graham had committed the charged offenses by having sexual intercourse with S. G. between May 1, 2007 and August 17, 2007, stating that the exact date of these offenses was "unknown to the Grand Jury but known by [Graham]." Graham argues, without citation to authority, that he was prejudiced by trial counsel's failure to file a special demurrer because "a special demurrer could have potentially led the trial court to require the [s]tate to re-indict [him] with a more narrow date range, which then would have created more opportunity for [his] trial counsel to explore or pursue an alibi defense." Given the strong evidence of Graham's guilt, he has not shown a reasonable probability that this would have led to a different trial outcome.

7

(b) Graham has not shown cumulative prejudice

Graham argues that his convictions should be reversed because he was prejudiced by the cumulative effect of his trial counsel's allegedly deficient performance. See State v. Lane, 308 Ga. 10, 17 (1) (838 SE2d 808) (2020). We find that "the cumulative prejudice from any assumed deficiencies discussed [above] is insufficient to show a reasonable probability that the results of the proceedings would have been different in the absence of the alleged deficiencies. Accordingly, [Graham] is not entitled to relief under this theory." Calhoun, 308 Ga. at 154 (2) (e) (citation omitted).

(c) We decline to extend the law to find "per se deficient performance"

Graham argues that the circumstances of this case "warrant[ ] a change in existing law to protect criminal defendants from insufficient time or effort by their attorneys." He asks us to extend the law to find that his trial counsel's performance was "per se deficient." As stated above, our Supreme Court has chosen not to specify an amount of time that trial counsel must spend meeting with a defendant for trial counsel to have sufficiently prepared for trial. See Morrison, 303 Ga. at 125 (5) (a). Graham's proposed "per se" rule would have us alter or ignore this binding precedent of our Supreme Court, which we cannot do. See Oliver v. State, 270 Ga. App. 429, 431 (3) (606 SE2d 874) (2004).

Judgment affirmed. Brown and Markle, JJ., concur.